**Convention Center Inn, Ltd.**

**v.**

**Dow Chemical Co.**

*[Cite as 8 AOA 335]*

*Case No. 57643*
*Cuyahoga County, (8th)*
*Decided November 1, 1990*

*Bruce D. Drucker, Rivkin, Radler, Dunne & Bayh, 30 North LaSalle Street, Chicago, Illinois 60602-2507, for Defendants-Appellees, Cross-Appellants, Dow Chemical Company and Amspec, Inc..*

*Warren Rosman, Weston, Hurd, Fallon, Paisley & Howley, 2500 Terminal Tower, Cleveland, Ohio 44114, for Defendants-Appellees, Cross-Appellants, Dow Chemical Company and Amspec, Inc..*

*John M. Cronquist, Cronquist, Smith, Marshall & Weaver, 500 National City - East 6th Building, 1965 East Sixth Street, Cleveland, Ohio 44114, for Defendants-Appellants, Cross-Appellees, Kelley Steel Erectors, Inc. and Masonry Systems of Ohio, Inc..*

NAHRA, J.

The proceeding below was originally brought by Convention Center Inn, Ltd. ("CCI"), owner of the Bond Court Hotel. CCI sued ten defendants, including appellants and cross-appellants, to recover damages for the rapid and premature deterioration of the hotel's brick facade. CCI alleged in the complaint that cross-appellants Dow Chemical Company and Amspec, Inc. manufactured and sold a mortar additive called Sarabond which was used to construct the facade. CCI also alleged that Sarabond caused excessive rust-

ing of the steel reinforcement rods embedded in the masonry panels, which in turn caused the premature deterioration of the hotel facade. CCI alleged that appellants Kelley Steel Erectors, Inc. and Masonry Systems of Ohio, Inc., who built the brick panels using Sarabond, also caused damage to the facade by improperly designing and constructing the panels. CCI's complaint included causes of action based on breach of contract, breach of express and implied warranties, negligence, product liability, and fraud.

The defendants, including appellants and cross-appellants, brought cross-claims against each other seeking indemnity and contribution. Appellants and cross-appellants also filed summary judgment motions as to each others' cross-claims for indemnification. Kelley and Masonry provided evidence that Dow and Amspec's product Sarabond was the sole cause of damage to the hotel. Dow and Amspec alleged that Kelley and Masonry improperly designed and constructed the brick panels, but provided no evidence in support of those allegations.

The trial court dismissed all of the contribution claims pursuant to R.C. 2307.32, which ruling is not on appeal here. Cross-appellants Dow and Amspec settled with CCI for $12 million and received a release from liability regarding Sarabond. The release stated that the $12 million was only partial satisfaction of CCI's claims, and expressly reserved CCI's rights to proceed against the remaining defendants. It provided that CCI would pay over to Dow recovery from other defendants in excess of $3 million.

Appellants Kelley and Masonry settled with CCI about two weeks later and received a covenant not to sue. Appellants' insurer, Hartford, paid CCI $1.2 million on behalf of appellants. Appellants and CCI expressly reserved their claims against the other defendants in the covenant. Appellants then moved to join Hartford as a party to the action. Plaintiff and the remaining defendants also settled all of their claims against each other.

The trial court granted Kelley and Masonry's motions for summary judgment as to Dow and Amspec's cross-claims without explanation. Five years later, the court granted Dow and Amspec's motion for summary judgment as to Kelley and Masonry's cross-claims. The court reasoned that Kelley and Masonry were not entitled to indemnification because they did not incur liability solely by reason of their relationship with Dow and Amspec. With no claims remaining, the trial court then also denied Kelley and Masonry's motion to join Hartford. This appeal followed.

I.

Appellants' first assignment of error reads as follows:

"THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DOW CHEMICAL COMPANY AND AMSPEC, INC. ON THE SECOND AMENDED CROSS-CLAIM OF KELLEY STEEL ERECTORS, INC. AND MASONRY SYSTEMS OF OHIO, INC."

In their cross-claims, appellants Kelley and Masonry sought, inter alia, indemnity from Dow and Amspec to recover Hartford's $1.2 million settlement payment to CCI. Kelley and Masonry claim that they are entitled to indemnity because their liability to CCI was only secondary in nature, since it derived solely from their use of Dow and Amspec's allegedly defective product, Sarabond. Kelley and Masonry produced evidence in opposition to Dow and Amspec's summary judgment motion which indicates that Sarabond was the proximate cause of the hotel's damages. Therefore, Kelley and Masonry claim that the court should not have dismissed their cross-claims by summary judgment.

The rule of indemnity provides that:

"where a person is chargeable with another's wrongful act, and pays damages to the injured party as a result thereof, he has a right of indemnity from the person committing the wrongful act, the party paying the damages being only secondarily liable, whereas, the person committing the wrongful act is primarily liable." *Travelers Indemnity Co. v. Trowbridge* (1975), 41 Ohio St. 2d 11, 14. Therefore, one party must be "chargeable" for the wrongful act of another as a prerequisite for indemnity.

The courts of this state have determined that secondary liability and indemnity arise in the following situations:

an owner of property abutting a sidewalk where pedestrians are injured due to failure by workers to guard sidewalk openings can collect indemnity from the negligent workers; a master can collect indemnity for damages

paid arising from a servant's negligence; a retailer can collect indemnity from the wholesaler of a defective product; and a municipality can collect from a property owner who creates a dangerous condition on a city sidewalk or street. *Globe Indemnity Co. v. Schmitt* (1944), 142 Ohio St. 595; *Maryland Casualty Co. v. Frederick* (1944), 142 Ohio St. 605; *Williams v. Ashland Oil Co.* (1976), 52 Ohio App. 2d 81, 89; *Massachusetts Bonding Insurance Co. v. The Dingle-Clark Co.* (1943), 142 Ohio St. 346; *Ross v. Spiegel. Inc.* (1977), 53 Ohio App. 2d 297; and cases cited therein.

In general, secondary or derivative liability is justified in the master-servant relationship and for property owners due to the control which the master has over the servant and the owner has over the property. Restatement of the Law 2d, Torts (1965) 126-27, Section 318; Restatement of the Law 2d, Agency (1958), 468, Section 216, Comment a, and 482, Section 219, Comment a. Derivative liability is imposed upon the suppliers of defective products by statute. R.C. 2307.78.

Additional prerequisites for indemnity exist where a claim is not litigated but settled. In order to collect indemnity for sums paid in settlement of a claim, the party seeking indemnity must prove that the party from whom indemnity is claimed received proper and timely notice of the settlement, that legal liability required the settlement, and that the settlement was fair and reasonable. *Globe, supra,* at 604.

Dow and Amspec claim that appellants Kelley and Masonry are not entitled to indemnification as a matter of law, and that summary dismissal of appellants' cross-claims was therefore proper. Dow and Amspec put forth an "either-or" argument which they claim precludes indemnification for Kelley and Masonry. Dow and Amspec argue that either Kelley and Masonry were themselves at fault due to their improper design and construction of the brick panels, and as active tortfeasors are not entitled to indemnity, or, that if Kelley and Masonry's work was not at fault, then Kelley and Masonry were not legally required to settle and cannot recover indemnification from Dow and Amspec pursuant to the *Globe* requirements.

Dow and Amspec's "either-or" argument is unpersuasive. It ignores the possibility that Kelley and Masonry may be secondarily, or derivatively, liable for Dow's defective prod-uct. In that case, Kelley and Masonry are not active tortfeasors, yet would be liable to CCI, and would be entitled to indemnification from Dow and Amspec. Pursuant to R.C. 2307.78, even a nonnegligent supplier of a defective product can be liable to an injured consumer as if it were the manufacturer. Since Kelley and Masonry purchased the allegedly defective product Sarabond from Dow and Amspec, and passed it on to CCI in the brick panels, it is possible that Kelley and Masonry settled with CCI on the basis of secondary or derivative liability pursuant to R.C. 2307.78.

Whether Sarabond was defective and proximately caused the damage to the hotel was not determined and is in dispute. Construing the evidence most favorably for Kelley and Masonry, we will assume *arguendo* that Sarabond caused the hotel's damages. If so, reasonable minds could conclude that Kelley and Masonry are only secondarily liable as the non-negligent suppliers of Dow and Amspec's defective product, and are entitled to indemnification from Dow and Amspec. Therefore, Dow and Amspec are not entitled to summary judgment on Kelley and Masonry's cross-claims for indemnification. The trial court's dismissal of appellants Kelley and Masonry's cross-claims is reversed, and their cross-claims are remanded for trial.

## II.

We turn now to Dow and Amspec's assignments of error, which assert that the trial court erred in dismissing their cross-claims for indemnity.[1] The cross-claims sought, inter alia, indemnity from Kelley and Masonry to recover Dow's $12 million settlement payment to CCI. Dow and Amspec claim that their liability to CCI was secondary in nature, since it derived not from their own product, Sarabond, but from Kelley and Masonry's faulty design and construction of the brick panels. Therefore, Dow and Amspec claim that they are entitled to indemnity from Kelley and Masonry, and that the court should not have dismissed their cross-claims pursuant to either Civ. R. 12(C) or Civ. R. 56.

The same rules regarding indemnity discussed above apply to Dow and Amspec's cross-claims. Thus, we must first determine whether Dow and Amspec could have been secondarily liable for Kelley and Masonry's allegedly faulty design and construction of the brick panels.

Dow and Amspec argue that their derivative liability and likewise their right of indemnification arise out of Kelley and Masonry's alleged misuse of Sarabond, and/or any other independent wrongdoing by Kelley and Masonry. However, in the *Williams* case, *supra,* the court denied indemnification to the manufacturer of a product who sought compensation from the party who allegedly misused the product. The court stated that any warranties regarding the product ran to the purchasers and ultimate users of the product, and not the reverse, and that no other circumstances existed which would give rise to indemnification. *Id.* at 92.

Construing the evidence most favorably for Dow and Amspec, we will assume *arguendo* that Kelley and Masonry misused Sarabond and negligently designed and built the brick panels. Dow and Amspec have failed to set forth, and the record does not reflect, how Dow and Amspec could be secondarily liable to CCI for Kelley and Masonry's wrongful acts. There is no defective product, master-servant relationship, or ownership of property to justify the imposition of secondary liability on Dow and Amspec as provided by statutes and case law. There is no allegation or evidence that Dow and Amspec had any control over Kelley and Masonry's use of Sarabond or construction of the panels which might provide an analogous theoretical basis for the imposition of secondary liability. Dow and Amspec provide no statute, case law, or theory to justify derivative liability, nor do we find any.

Since cross-appellants Dow and Amspec cannot be secondarily liable for appellants Kelley and Masonry's alleged wrongdoing as a matter of law, reasonable minds could only conclude that Dow and Amspec are not entitled to indemnification. The trial court properly dismissed Dow and Amspec's cross-claims pursuant to either Civ. R. 12(C) or Civ. R. 56. Cross-appellants Dow and Amspec's assignments of error are overruled.

III.

We now return to Kelley and Masonry's second assignment of error, which reads as follows:

"THE TRIAL COURT ERRED AS A MATTER OF LAW IN REFUSING TO JOIN HARTFORD ACCIDENT & INDEMNITY COMPANY AS A PARTY TO THE ACTION."

Civ. R. 19 is entitled "Joinder of persons needed for just adjudication." Subsection (A) provides that a person shall be joined as a party in an action if "he has an interest relating to the subject of the action as an assignor, assignee, subrogor, or subrogee." In *Hambleton v. R.G. Barry Corp.* (1984), 12 Ohio St. 3d 179, 184, the court stated that "Civ. R. 19(A) encourages, and Ohio decisional law favors, a policy of liberally granting joinder."

In the case *sub judice,* Kelley and Masonry sought joinder of their subrogee, as expressly provided in Civ. R. 19(A). Cross-appellants have not indicated how such joinder would in any way prejudice them. Appellants second assignment of error is well-taken, and we reverse the trial court's denial of joinder.

IV.

Appellants' third assignment of error reads as follows:

"OTHER ERRORS APPARENT ON THE FACE OF THE RECORD."

App. R. 16(A)(4) requires an appellants' brief to include an argument, which "shall contain the contentions of the appellant with respect to the assignments of error presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on." App. R. 12(A) states that an "appeal shall be determined on its merits on the assignments of error set forth in the briefs as required by Rule 16 ... [e]rrors not specifically pointed out in the record and separately argued by brief may be disregarded." Since appellants fail to specify and separately argue other errors, appellants' third assignment of error is overruled.

The trial court's dismissal of appellants' Kelley and Masonry's cross-claims and the denial of joinder are reversed and remanded for further proceedings consistent with this opinion. The trial court's dismissal of cross-appellants Dow and Amspec's cross-claims is affirmed.

JOHN V. CORRIGAN, P.J., and McMANAMON, J., concur.

---

[1] Cross-appellants' assignments of error read in full as follows:

"1. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING KELLEY AND MASONRY

SYSTEMS' MOTION FOR JUDGMENT ON THE PLEADINGS ON DOW AND AMSPEC'S CROSS-CLAIMS FOR INDEMNITY BECAUSE THE PLEADINGS SHOWED THAT THERE WERE MATERIAL QUESTIONS OF FACT WHICH NEEDED TO BE RESOLVED AND KELLEY AND MASONRY SYSTEMS WERE NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.

"2. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING KELLEY AND MASONRY SYSTEMS' MOTION FOR SUMMARY JUDGMENT ON DOW AND AMSPEC'S CROSS-CLAIMS FOR INDEMNITY WHERE KELLY AND MASONRY SYSTEMS RELIED SOLELY UPON THE PLEADINGS AND UNSUPPORTED, SELF-SERVING CONCLUSORY STATEMENTS TO SUSTAIN THEIR MOTION."