**O'NEILL et al., Appellees,**

**v.**

**SHOWA DENKO K.K., et al., Appellees; Revco Discount Drug Centers, Inc., et al., Appellants.**

[Cite as *O'Neill v. Showa Denko K.K.* (1995), 101 Ohio App.3d 345.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 66059.

Decided Feb. 23, 1995.

*Dinsmore & Shohl, Thomas S. Calder* and *Deborah R. Lydon,* for appellees Showa Denko K.K. et al.

*Steven W. Albert, Randy J. Hart* and *Dennis R. Rose,* for appellants.

PATTON, Chief Judge.

Plaintiff Margaret O'Neill and twenty-four other persons filed products liability claims against defendants Showa Denko K.K. ("SDKK"), its American subsidiary Showa Denko America ("SDA"), Revco Discount Drug Centers and Revco D.S., Inc. ("Revco"). The complaint alleged SDKK negligently manufactured a vitamin supplement known as L-tryptophan. The plaintiffs each alleged L-tryptophan caused them to suffer eosinophilia myalgia syndrome ("EMS"), a debilitating and sometimes deadly disease. The complaint alleged SDKK manufactured L-tryptophan in raw form at its facilities in Japan. It shipped the L-tryptophan to SDA for packaging and distribution to American retailers, among them Revco.

Revco cross-claimed against SDKK and SDA "to the extent of any judgment rendered in favor of Plaintiffs against Revco." SDA proposed an indemnity agreement between itself and Revco, but Revco rejected the offer, now stating it was inadequate since the American subsidiary lacked sufficient assets in this country to cover the amount of a potential judgment.

Just before trial, SDKK and SDA settled with plaintiffs. Plaintiffs voluntarily dismissed all claims in the action, including those against Revco.

Revco and SDKK filed cross-motions for summary judgment on Revco's cross-claim against SDKK for indemnity. In its motion, Revco argued it was entitled, as a matter of law, to its costs and attorney fees expended in defending the matter. SDKK argued it was entitled to judgment as a matter of law on Revco's cross-claim for indemnity since it had no liability on plaintiffs' underlying tort claims. The trial court found in favor of SDKK and against Revco. This appeal

followed, with Revco assigning three errors from the summary judgments. Since the assigned errors are interrelated, we will address them jointly.

## A

Ohio follows the "American Rule" concerning recovery of costs of litigation, and requires each party involved in litigation to bear its own attorney fees in most circumstances. See *Sorin v. Bd. of Edn.* (1976), 46 Ohio St.2d 177, 179, 75 O.O.2d 224, 225, 347 N.E.2d 527, 528–529. Absent a contractual agreement or statutory right, recovery of attorney fees is not permitted. An implied right to indemnity may arise, however, when it appears that a failure to indemnify would serve to unjustly enrich the party that benefits from the other party's efforts. "This implied right of indemnity arises when the party seeking indemnity is totally free of fault, and the fault of another party has been imputed to the party seeking indemnity." *Krasny–Kaplan Corp. v. Flo–Tork, Inc.* (1993), 66 Ohio St.3d 75, 78, 609 N.E.2d 152, 154, citing *Amisub of Florida, Inc. v. Billington* (Fla.App.1990), 560 So.2d 1271, 1271–1272. *Krasny–Kaplan* further stated:

"The concept of indemnity embraces aspects of primary and secondary liability. Indemnification occurs when one who is primarily liable is required to reimburse another who has discharged a liability for which that other is only secondarily liable. * * * In the present case, no *liability* of either defendant to the plaintiff was found. Therefore the traditional understanding of indemnity cannot apply, because appellee was never determined to be primarily liable." (Emphasis *sic.*) *Id.* at 78, 609 N.E.2d at 154.

Hence, this state recognizes three possible bases for recovery of attorney fees and costs: (1) a statutory duty to reimburse for litigation costs and counsel fees; (2) a contractual obligation; or (3) a finding of fault on the part of the manufacturer. *Krasny–Kaplan,* 66 Ohio St.3d at 78, 609 N.E.2d at 154, citing *Merck & Co. v. Knox Glass, Inc.* (E.D.Pa.1971), 328 F.Supp. 374, 377.

## B

In *Krasny–Kaplan,* the plaintiff filed a products liability action against the manufacturer of a product and the distributor of the product. Both defendants filed cross-claims against the other for indemnity. The matter went to trial solely on plaintiff's claims. During trial the manufacturer dismissed its cross-claim against the distributor and the distributor elected to allow the court to determine its cross-claim for indemnity against the manufacturer. The jury found in favor of both defendants on the complaint, so no damages were awarded.

After the verdicts, the court held a hearing on the distributor's cross-claim for attorney fees and costs. The manufacturer stipulated the reasonableness of the distributor's costs and attorney fees, but argued it had no obligation to indemnify for the full amount.

The trial court found in favor of the distributor and ordered the manufacturer to make full indemnity. On appeal, a panel of this court reversed that order, finding that, in the absence of a contractual provision providing for attorney fees, a codefendant has no cause of action for indemnity from another codefendant for attorney fees and costs of its own defense.

In affirming this court's judgment, the Supreme Court considered and rejected cases from other jurisdictions that had allowed a codefendant to recover attorney fees and costs from another codefendant. The court stated, "[w]e are not persuaded by appellant's citation of authority. Cases such as *Pender* [*v. Skill-craft Industries, Inc.* (Fla.App.1978), 358 So.2d 45] are easily distinguished from the present case: appellee's product was found not to be defective, while in *Pender* and other cited cases the manufacturer's product was determined to be defective." *Id.*, 66 Ohio St.3d at 79, 609 N.E.2d at 155.

### C

■ Explicit in *Krasny–Kaplan* and any discussion of an implied right of indemnity is the concept that one of the codefendants must be at fault in causing a plaintiff's injuries. See, *e.g.*, *Maryland Cas. Co. v. Frederick* (1944), 142 Ohio St. 605, 27 O.O. 529, 53 N.E.2d 795, paragraphs one and two of the syllabus; *Globe Indemn. Co. v. Schmitt* (1944), 142 Ohio St. 595, 27 O.O. 525, 53 N.E.2d 790, paragraph three of the syllabus; *Travelers Indemn. Co. v. Trowbridge* (1975), 41 Ohio St.2d 11, 14, 70 O.O.2d 6, 8, 321 N.E.2d 787, 789. Absent fault, there is no basis for indemnification, since "one party must be 'chargeable' for the wrongful act of another as a prerequisite for indemnity." *Convention Ctr. Inn, Ltd. v. Dow Chem. Co.* (1990), 70 Ohio App.3d 243, 247, 590 N.E.2d 898, 899. See, also, Restatement of the Law 2d, Torts (1965) 344, Section 886B ("If two persons are liable in tort to a third person for the same harm and one of them discharges the liability of both, he is entitled to indemnity from the other if the other would be unjustly enriched at his expense by the discharge of the liability.").

The trial court properly relied on *Krasny–Kaplan* since there was no finding of fault or liability in this case. Moreover, the absence of a finding of fault relating to SDKK implicates the precise wording of Revco's cross-claim and bars any recovery. It is important to note that Revco's cross-claim sought indemnity only in the event plaintiffs received a judgment against SDKK. Revco's cross-claim states:

*"If REVCO is found to be liable* to the Plaintiffs on any of the claims asserted by Plaintiffs, then REVCO states that such liability would be secondary and passive to that of DENKO, whose liability would be active and primary due to the fact that they manufactured and distributed the product that is referred to in Plaintiffs' Second Amended Complaint. Thus, REVCO is entitled to complete indemnification and/or in the alternative, to contribution from DENKO *to the extent of any judgment rendered in favor of Plaintiffs* against REVCO including its costs and attorney fees." (Emphasis added.)

As a matter of law, Revco cannot prevail on its cross-claim since it was not liable to plaintiffs, nor was there any judgment rendered in favor of plaintiffs. Accordingly, Revco, by the terms of its cross-claim, is not entitled to indemnity from SDKK.

D

█ Finally, Revco argues that in the event it is barred from being indemnified due to a failure to show SDKK's liability, we should remand the cause to allow Revco to demonstrate SDKK's liability. It argues that a material issue of fact would exist as to SDKK's liability.

We find no material issue of fact concerning SDKK's liability. SDKK settled its claims against plaintiffs and in the process ended the action against Revco. This court's decision in *Convention Ctr. Inn, supra,* is not to the contrary. In *Convention Ctr. Inn,* we reversed a summary judgment rendered in favor of an indemnitor on an indemnitee's cross-claim, finding a material issue of fact existed concerning the indemnitor's liability. We did so because the evidentiary materials submitted in opposition to the motion for summary judgment indicated that the indemnitor proximately caused the injury. *Id.,* 70 Ohio App.3d at 246, 590 N.E.2d at 899. Revco failed to support its motion for summary judgment with evidentiary materials of a similar kind.[1] Instead, Revco argued its entitlement to summary judgment as a matter of law. Consequently, *Convention Ctr. Inn* is not controlling.

---

1. Revco supported its motion for summary judgment with affidavits from two of its attorneys and a copy of a letter from SDKK's attorneys. One of the affidavits documented Revco's demands that SDKK assume defense of the litigation. The letter from SDKK's counsel confirmed the settlement agreement with some of the plaintiffs and inquired whether Revco would dismiss its cross-claim in light of the forthcoming dismissals. Revco's other affidavit documented counsel's conversations with SDKK's counsel and confirmed Revco's decision to continue prosecuting its cross-claims despite SDKK's settlement with plaintiffs.

Finally, we find no legal or equitable basis for remanding this matter for a hearing on SDKK's liability. As to equity concerns, it is worth noting that SDA did offer to indemnify Revco in this matter, but Revco refused the offer. Additionally, SDA fully apprised Revco of its intent to settle with plaintiffs. Revco expressed no reservations about the settlements.

In essence, Revco asks that it be permitted to assume the plaintiffs' position and prosecute their now dismissed claims against SDKK. Aside from the obvious legal hurdles attendant to calling the settled plaintiffs as witnesses against SDKK, we are aware of no authority or public policy in this state that would permit Revco to reopen plaintiffs' case against SDKK in order that Revco might prove SDKK's liability. Permitting Revco to proceed in this manner would ultimately defeat the public policy of limiting judicial resources and preserving the finality of settlement agreements.

In *Krasny–Kaplan*, the court made the following observations which aptly summarize the respective positions of Revco and SDKK:

"In a relationship such as that between the codefendants here, in which the issue of indemnification of a party may arise, a manufacturer and distributor are free to negotiate, and have the ability to contractually provide that one party must bear the other's costs of litigation, whether successful or unsuccessful. In the absence of such a provision, it must be recognized that attorney fees and costs necessary to defend against an action are often the price of doing business." 66 Ohio St.3d at 80, 609 N.E.2d at 155–156.

The assigned errors are overruled.

The judgment is affirmed.

*Judgment affirmed.*

HARPER and PRYATEL, JJ., concur.

AUGUST PRYATEL, J., retired, of the Eighth Appellate District, sitting by assignment.