SATTERFIELD et al.,

v.

ST. ELIZABETH HEALTH CENTER, Appellant, et al.;
Bel–Park Anesthesia Assoc., Inc., et al., Appellees.

[Cite as *Satterfield v. St. Elizabeth Health Ctr.*, 159 Ohio App.3d 616, 2005-Ohio-710.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 04–MA–16.

Decided Feb. 17, 2005.

■■■■■■■■■■■■■■■■

Comstock, Springer & Wilson and Marshall D. Buck, for appellant.

Tucker, Ellis & West, Rita A. Maimbourg, and Frank R. Osborne; Hanna, Campbell & Powell, Michael Ockerman, and Jeffrey E. Schobert, for appellees.

GENE DONOFRIO, Judge.

{¶ 1} Defendant-appellant, St. Elizabeth Health Center, appeals a Mahoning County Common Pleas Court judgment granting summary judgment in favor of defendants-appellees, Bel–Park Anesthesia Associates, Inc., and its employees, Dr. Chong Lee, Chris Breznai, and Carri Ponigar, and denying appellant's motion to amend its cross-claim.

{¶ 2} Plaintiff Evelyn Jane Satterfield underwent outpatient surgery at St. Elizabeth Hospital on April 24, 2000. Appellees provided the anesthesia during the operation. Satterfield was seriously injured as a result of a fire that occurred during the operation.

{¶ 3} Mrs. Satterfield and her husband, Clarence Satterfield, filed a medical-malpractice suit against appellant, appellees, and the Cleveland Clinic Foundation and its employee, Dr. Charles Modlin (collectively referred to as "CCF"). Appellant later filed a cross-claim for contribution and indemnification against CCF and appellees.

{¶ 4} In July 2003, the Satterfields entered into a high-low settlement agreement with appellant. Under the terms of the agreement, appellant paid the Satterfields $500,000 and the Satterfields agreed that regardless of the outcome at trial, they would not execute a judgment against appellant exceeding an additional $500,000. On August 20, 2003, CCF settled all of the Satterfields' claims against CCF. The Satterfields dismissed their remaining claims on September 18, 2003.

{¶ 5} After learning of the settlement, CCF and appellees filed motions for summary judgment on appellant's cross-claim. Next, appellant filed a motion for leave to amend its cross-claim, which the trial court initially granted. A few days later, CCF filed a motion for reconsideration of the court's decision allowing appellant to file an amended cross-claim. On January 6, 2004, the trial court

issued a judgment granting CCF's and Bel–Park's motions for summary judgment, granting CCF's motion for reconsideration, and denying appellant's motion for leave to amend its cross-claim. Appellant thereafter filed its timely notice of appeal. Appellant has since dismissed its appeal against CCF.

{¶ 6} Appellant raises two assignments of error, the first of which states:

{¶ 7} "The trial court erred as a matter of law in granting summary judgment in favor of the CCF and Bel–Park defendants."

{¶ 8} Appellant argues that summary judgment was improper because genuine issues of material fact exist regarding its right to indemnification from appellees. Appellant contends that the Satterfields' claims against it were based on agency by estoppel. In other words, the Satterfields sought to hold appellant liable for the acts of those practicing in its hospital. The Satterfields, appellant claims, never established that it committed any independent acts of negligence. Therefore, appellant argues that because its alleged negligence was secondary to that of appellees, indemnification from appellees is proper.

{¶ 9} Furthermore, appellant contends that it asserted its right of indemnification in its cross-claim by asserting that if it "should be found liable by virtue of principles of vicarious liability or primary and secondary negligence," then it was entitled to indemnification by those who were primarily liable to the Satterfields. The trial court found that because appellant was never found vicariously liable for appellees' conduct, summary judgment was proper. However, appellant urges us to consider that it was found liable to the Satterfields. Appellant argues that the fact that the Satterfields settled with it demonstrates that the Satterfields considered appellant to be liable to them. It contends that a judicial determination of liability was not necessary for it to seek indemnification from appellees.

{¶ 10} In reviewing an award of summary judgment, appellate courts must apply a de novo standard of review. *Cole v. Am. Indus. & Resources Corp.* (1998), 128 Ohio App.3d 546, 552, 715 N.E.2d 1179. Thus, we will apply the same test as the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *State ex rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377. Whether a fact is material depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.* (1995), 104 Ohio App.3d 598, 603, 662 N.E.2d 1088, citing *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 247–248, 106 S.Ct. 2505, 91 L.Ed.2d 202.

{¶ 11} The rule of indemnity provides that "where a person is chargeable with another's wrongful act and pays damages to the injured party as a result thereof, he has a right of indemnity from the person committing the wrongful act, the party paying the damages being only secondarily liable; whereas, the person committing the wrongful act is primarily liable." *Travelers Indem. Co. v. Trowbridge* (1975), 41 Ohio St.2d 11, 14, 70 O.O.2d 6, 321 N.E.2d 787. When the indemnity at issue is implied, as it is here, one of the codefendants must be at fault in causing the plaintiff's injuries. *O'Neill v. Showa Denko K.K.* (1995), 101 Ohio App.3d 345, 349, 655 N.E.2d 767. Without fault, there is no basis for indemnification. Id. This is so because " 'one party must be "chargeable" for the wrongful act of another as a prerequisite for indemnity.' " Id., quoting *Convention Ctr. Inn, Ltd. v. Dow Chem. Co.* (1990), 70 Ohio App.3d 243, 247, 590 N.E.2d 898, 899.

{¶ 12} Appellant's cross-claim unambiguously states:

{¶ 13} "Defendant says that *if it should be found liable* by virtue of principles of vicarious liability or primary and secondary negligence, that it is entitled to indemnity from such defendants who may be primarily liable to the plaintiffs." (Emphasis added.)

{¶ 14} Here, appellant was never found liable. Since there was a settlement, liability was never established. And the Satterfields dismissed all claims against all parties. Thus, appellant could not meet the term for indemnification that it included in its cross-claim. Similarly, in *O'Neill*, 101 Ohio App.3d 345, 655 N.E.2d 767, the Eighth District noted that because the appellant's cross-claim for indemnification was contingent upon a finding of liability and the case was settled before litigation, the appellant was barred from recovery by virtue of the cross-claim's language. The cross-claim included the language " '*If [the distributor] is found to be liable* to the Plaintiffs' " and " '[the distributor] is entitled to complete indemnification * * * *to the extent of any judgment rendered in favor of Plaintiffs* against [the manufacturer] including its costs and attorney fees.' " (Emphasis added by court of appeals.) Id. at 350, 655 N.E.2d 767. Appellant attempts to distinguish *O'Neill* on the basis that it was a products-liability case in which the distributor, who did not pay a settlement, sought indemnification from the manufacturer for attorney fees and costs. However, the case is still similar to the present case because the court relied upon the language in the distributor's cross-claim against the manufacturer in determining that the distributor was not entitled to indemnification. This reasoning is applicable to the case at bar.

{¶ 15} Additionally, the settlement agreement between the Satterfields and appellant provides that it "is not a release of any claim, or portion thereof." Thus, by entering into the agreement with the Satterfields, appellant did not

extinguish liability on appellees' part. When appellant entered into the agreement, appellees were still subject to full liability on the Satterfields' claims.

{¶ 16} The failure to extinguish liability with the high-low agreement distinguishes this case from those cited by appellant, in which the defendants who settled were entitled to indemnification. See *Mills v. River Terminal Ry. Co.* (C.A.6, 2002), 276 F.3d 222; *Hope v. Continental W. Ins. Co.* (Sept. 29, 2000), 2d Dist. No. 18116, 2000 WL 1433876; *Globe Indemn. Co. v. Schmitt* (1944), 142 Ohio St. 595, 27 O.O. 525, 53 N.E.2d 790; *Ohio Cas. Ins. Co. v. Ford Motor Co.* (C.A.6 1974), 502 F.2d 138. In those cases, the defendants' settlement agreements extinguished the plaintiffs' claims. In this case, appellant's high-low agreement did not extinguish any claims against any defendants. Rather, appellant's high-low agreement merely limited its potential exposure to a monetary judgment. Therefore, since appellant did not settle any of the Satterfields' claims, it would be inequitable to allow indemnification since appellees still could have been held liable for their own conduct in this dispute.

{¶ 17} Furthermore, appellant presented no evidence that appellees were primarily liable while it was only secondarily liable. "Indemnification occurs when one who is primarily liable is required to reimburse another who has discharged a liability for which that other is only secondarily liable." *Krasny-Kaplan Corp. v. Flo–Tork, Inc.* (1993), 66 Ohio St.3d 75, 78, 609 N.E.2d 152. In their complaint, the Satterfields alleged both that appellant was secondarily liable because of a principal/agent relationship with appellees and that it was primarily liable. They specifically alleged that the "treatment rendered by the Defendants [which includes appellant] fell below the acceptable standards practiced by other physicians and hospitals and medical personnel under like and similar circumstances." In the high-low settlement agreement, appellant does state that it continues to deny its direct liability. However, since appellant entered into the high-low agreement and the other parties settled too, there was never a determination that appellant was only secondarily liable and that appellees were primarily liable. Without such a determination, appellant is not entitled to indemnification from appellees. Id.

{¶ 18} For these reasons, the trial court appropriately granted summary judgment. Therefore, appellant's first assignment of error is without merit.

{¶ 19} Appellant's second assignment of error states:

{¶ 20} "The trial court erred in denying St. Elizabeth's motion for leave to amend its cross-claim."

{¶ 21} Appellant sought to amend its cross-claim to assert contractual indemnity against CCF and remove its claim for contribution. It also sought to eliminate the language "if it should be found liable by virtue of principles of vicarious

liability or primary and secondary negligence, that it is entitled to indemnity from such defendants who may be primarily liable to the plaintiffs." In its motion to amend, appellant contended that it paid an amount to the Satterfields based upon its potential vicarious liability.

{¶ 22} Appellant contends that the court should have permitted it to amend its cross-claim.

{¶ 23} Because this assignment of error relates to adding a contractual indemnification claim, it is moot. Regardless of whether the amended cross-claim was admitted, the only indemnification claim against appellees was one of implied indemnification, which was contained in the original cross-claim. The contractual indemnification claim in the amended cross-claim was premised upon an agreement between appellant and CCF, to which appellees were not parties.

{¶ 24} The grant or denial of a motion to amend a pleading is within the trial court's discretion. *Turner v. Cent. Local School Dist.* (1999), 85 Ohio St.3d 95, 99, 706 N.E.2d 1261. Thus, we may reverse such a decision only if the trial court abuses that discretion. An abuse of discretion is more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. "[W]here it is possible that the plaintiff, by an amended complaint, may set forth a claim upon which relief can be granted, and it is tendered timely and in good faith and no reason is apparent or disclosed for denying leave, the denial of leave to file such amended complaint is an abuse of discretion." *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 175, 63 O.O.2d 262, 297 N.E.2d 113.

{¶ 25} Civ.R. 15(A) governs the amendment of pleadings and provides:

{¶ 26} "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within fourteen days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."

{¶ 27} The trial court did not abuse its discretion in denying appellant's motion to amend. Appellant's motion was untimely. Appellant entered into its high-low agreement on July 7, 2003. It did not file its motion to amend until October 2, 2003. Had appellant believed that entering into the agreement required it to

change the wording in its cross-claim, it should not have taken three months to do so. Instead, appellant waited to amend its cross-claim until after both appellees and CCF had filed their motions for summary judgment. Appellees and CCF pointed out in their motions the shortcomings of appellant's cross-claim. It seems that appellant sought to amend its cross-claim in an attempt to avoid summary judgment.

{¶ 28} Furthermore, the trial was set for August 25, 2003. The trial was set to go forward based on appellant's original cross-claim. Had CCF and appellees not filed motions for leave to file summary judgment motions on the eve of trial, the case would have proceeded on appellant's original cross-claim. Up to the day before trial, appellant had not filed a motion to amend. Again, this fact points to the untimeliness of appellant's motion.

{¶ 29} For these reasons, we cannot conclude that the trial court abused its discretion in denying appellant's motion to amend its cross-claim. Thus, appellant's second assignment of error is without merit.

{¶ 30} Accordingly, the trial court's judgment is hereby affirmed.

Judgment affirmed.

VUKOVICH and WAITE, JJ., concur.