OPINION
{¶ 1} Plaintiff-appellant, Humility of Mary Health Partners, appeals from a Mahoning County Common Pleas Court judgment granting summary judgment in favor of defendant-appellee, Bel-Park Anesthesia Associates, Inc., on appellant's claim for indemnification.
 {¶ 2} This case stems from the case of Satterfield v. St.Elizabeth Health Center, et al. Evelyn Satterfield underwent outpatient surgery at St. Elizabeth Hospital, one of appellant's hospitals. Appellee provided the anesthesia during the operation. Mrs. Satterfield was seriously injured as a result of a fire that occurred during the operation.
 {¶ 3} Mrs. Satterfield and her husband filed a medical malpractice suit against appellant, appellee, and the Cleveland Clinic Foundation and its employee, Dr. Charles Modlin (collectively referred to as CCF). Appellant later filed a cross-claim for contribution and indemnification against CCF and appellee.
 {¶ 4} In July 2003, the Satterfields entered into a high-low settlement agreement with appellant. Under the terms of the agreement, appellant paid the Satterfields $500,000 and the Satterfields agreed that regardless of the outcome at trial, they would not execute a judgment against appellant exceeding an additional $500,000. CCF then settled all of the Satterfields' claims against all defendants. The Satterfields dismissed their remaining claims on September 18, 2003.
 {¶ 5} After learning of the settlement, CCF and appellee filed motions for summary judgment on appellant's cross-claim. Next, appellant filed a motion for leave to amend its cross-claim, which the trial court initially granted. A few days later, CCF filed a motion for reconsideration of the court's decision allowing appellant to file an amended cross-claim. The trial court subsequently issued a judgment granting CCF's and appellee's motions for summary judgment, granting CCF's motion for reconsideration, and denying appellant's motion for leave to amend its cross-claim. Appellant thereafter filed a notice of appeal. Appellant then dismissed its appeal against CCF.
 {¶ 6} The appeal proceeded in this court. Satterfield v. St.Elizabeth Health Center, 159 Ohio App.3d 616, 824 N.E.2d 1047,2005-Ohio-710. We affirmed the trial court's judgment. We concluded that CCF and appellee were not liable to appellant under a theory of implied indemnification because appellee's liability was never established and appellant failed to show that it was secondarily liable while CCF and appellee were primarily liable.
 {¶ 7} In the meantime, appellant filed a complaint against appellee and CCF, on January 5, 2004, for express and implied indemnification for the settlement amounts paid to the Satterfields and attorney fees and costs incurred in defending the Satterfields' claims.
 {¶ 8} Appellee and CCF subsequently filed a Civ.R. 12(B)(6) motion to dismiss alleging that appellant's claims were barred by the doctrine of res judicata, which was converted into a motion for summary judgment. The trial court overruled this motion on June 4, 2004, finding that genuine issues of material fact existed.
 {¶ 9} On May 2, 2005, appellant voluntarily dismissed its claims against CCF. Thus, appellee was the only remaining defendant.
 {¶ 10} Appellee then filed a motion for summary judgment again asserting that appellant's claims were barred by the doctrine of res judicata. It asserted that both the trial court and this court had already ruled on the identical issues raised in appellant's complaint.
 {¶ 11} Appellant next amended its complaint. In its amended complaint, appellant asserted only one cause of action against appellee for indemnification based on a contractual duty to indemnify. It eliminated its claim for implied indemnity. Appellant then filed a motion in opposition to summary judgment arguing that appellee's motion was based on appellant's claim for implied indemnity and since it amended its complaint, the motion must be denied.
 {¶ 12} Appellee filed a response still seeking summary judgment. It argued first that the contractual provision that appellant relied on to assert indemnity was not applicable to this case. Second, appellee argued that even if the provision did apply, it was nonetheless entitled to summary judgment based on the operation of issue preclusion.
 {¶ 13} Without stating its reasons, the trial court granted appellee's motion for summary judgment. Appellant then filed a timely notice of appeal on October 14, 2005.
 {¶ 14} Appellant raises one assignment of error, which it breaks down into two issues. Its assignment of error states:
 {¶ 15} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT IN FAVOR OF BEL-PARK."
 {¶ 16} In reviewing an award of summary judgment, appellate courts must apply a de novo standard of review. Cole v. AmericanIndus. Resources Corp. (1998), 128 Ohio App.3d 546, 552,715 N.E.2d 1179. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. State ex rel. Parsonsv. Flemming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377. A "material fact" depends on the substantive law of the claim being litigated. Hoyt, Inc. v. Gordon Assoc., Inc. (1995),104 Ohio App.3d 598, 603, 662 N.E.2d 1088, citing Anderson v. LibertyLobby, Inc. (1986), 477 U.S. 242, 247-248, 106 S.Ct. 2505,91 L.Ed.2d 202.
 {¶ 17} Appellant's first issue asks:
 {¶ 18} "Whether the contractual indemnification clause encompasses indemnification for Bel-Park's negligence?"
 {¶ 19} For this argument appellant relies on certain provisions in the contract between it and appellee. Specifically, appellant points to three provisions:
 {¶ 20} "1.1 Services. Corporation [appellee], during the effective term of this Agreement, shall furnish such Physician and CRNA services as are necessary and appropriate for the efficient operation of the Hospital's [appellee's] Departments of Anesthesia at St. Elizabeth Health Center and at St. Joseph Health Center (the `Departments').
 {¶ 21} "* * *
 {¶ 22} "3.1 Independent Contractor Status. In the performance of this Agreement, it is mutually understood and agreed that Corporation shall be and at all times is acting as an independent contractor of Hospital. Subject to the terms and conditions of this Agreement, Corporation reserves to itself the right to designate the hours, duties and work assignments of Employees, and Hospital shall neither have nor exercise any control or direction over Employees. Employees shall not be deemed to be agents or servants of Hospital while providing professional services hereunder. Corporation shall:
 {¶ 23} "A. Pay, or cause to be paid, all compensation and fringe benefits of its employees;
 {¶ 24} "B. Withhold, or cause to be withheld, all applicable federal, state and local taxes; and
 {¶ 25} "C. Make, or cause to be made, any and all required payments relating to its employees, including, without limitation, unemployment fund and workers compensation, as required by law.
 {¶ 26} "* * *
 {¶ 27} "3.3 Indemnification. Corporation agrees to indemnify and hold harmless Hospital and its officers, trustees, members, agents and employees from and against any and all claims, costs, actions, causes of action, losses or expenses (including reasonable attorneys' fees) incurred by or imposed on Hospital resulting from or relating to any failure by Corporation to fulfill its obligations under Section 3.1. This provision shall survive the termination of this Agreement."
 {¶ 28} Appellant argues that these sections provide that appellee will indemnify it if appellee's employees fail to properly carry out their professional responsibilities. It contends that because the contract calls for appellee to provide anesthesia services for appellant's patients, the indemnification clause necessarily encompasses potential medical malpractice claims. In its motion for summary judgment, appellee argued that the indemnification clause only applied to things such as paying wages, fringe benefits, taxes, and unemployment and workers' compensation premiums. Appellant argues that if appellee's interpretation was accurate, then there would have been no need to include the language "actions, causes of action, (including reasonable attorneys' fees)" because this language typically refers to litigation expenses rather than employment-related expenses. Finally, appellant asserts that if the court adopted appellee's interpretation of the indemnification clause, it would effectively nullify the clause by limiting the situations to which it would apply.
 {¶ 29} An indemnity agreement is interpreted in the same manner as other contracts. Worth v. Aetna Cas. Sur. Co.
(1987), 32 Ohio St.3d 238, 513 N.E.2d 253. Contracts are to be interpreted to carry out the intent of the parties, as that intent is evidenced by the contractual language. Aultman Hosp.Assn. v. Community Mut. Ins. Co. (1989), 46 Ohio St.3d 51, 53,544 N.E.2d 920. If the contract language is capable of two reasonable but conflicting interpretations, however, there is an issue of fact as to the parties' intent. Inland Refuse TransferCo. v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St.3d 321, 322, 474 N.E.2d 271. On the other hand, the interpretation of a contract that is clear and unambiguous is a question of law, and no issue of fact exists to be determined.Fleming, 68 Ohio St.3d at 511.
 {¶ 30} The contract at issue is clear and unambiguous. Article Three of the contract is titled "RELATIONSHIP BETWEEN CORPORATION AND HOSPITAL" and is made up of three sections. Section 3.1 addresses appellee's independent contractor status and provides that appellee is in control of its employees. Section 3.2 provides that appellee's employees are not employees of appellant and, therefore, are not eligible for appellant's benefit programs such as sick leave or health insurance. And Section 3.3 is the indemnification clause.
 {¶ 31} The indemnification clause clearly and unambiguously states that appellee shall indemnify appellant "from and against any and all claims, costs, actions, causes of action, losses or expenses (including reasonable attorneys' fees) incurred by or imposed on * * * [appellant] resulting from or relating to anyfailure by * * * [appellee] to fulfill its obligations underSection 3.1." (Emphasis added.) This clause specifically limits its application to instances where appellee fails to fulfill its obligations under Section 3.1. Section 3.1 clearly lists three obligations for appellee to satisfy. They are (1) to pay its employees, (2) to withhold all taxes, and (3) to pay all employee-related expenses such as unemployment and workers' compensation premiums.
 {¶ 32} Appellant argues that the indemnification clause was somehow meant to apply to situations where appellant sustained a loss due to appellee's failure to perform its obligations under Section 1.1, which is where the contract states that appellee is to provide anesthesia services for appellant. However, it can point to no contractual provisions that support this interpretation.
 {¶ 33} Furthermore, appellant claims that if the indemnification clause was meant to apply only to the obligations set out in Section 3.1, then there would have been no reason to include the phrase "actions, causes of action, (including reasonable attorneys' fees)" because this language typically refers to litigation expenses rather than employment-related expenses. But appellant appears to overlook the numerous cases that arise from workers' compensation claims, unemployment benefit claims, and other employment-related issues. These employment-related cases frequently involve the filing of civil actions and the incurrence of attorneys' fees.
 {¶ 34} Therefore, no genuine issue of material fact exists as to the meaning of the indemnification clause. Since the indemnification clause only applies to actions arising from the specific obligations set out in Section 3.1, summary judgment was proper on this basis. Accordingly, appellant's first issue lacks merit.
 {¶ 35} Appellant's second issue asks:
 {¶ 36} "Whether issue preclusion bars St. Elizabeth's cross-claim for express indemnification?"
 {¶ 37} Since summary judgment was proper according to the above reasoning, appellant's second issue is now moot.
 {¶ 38} Based on the foregoing, appellant's sole assignment of error is without merit.
 {¶ 39} For the reasons stated above, the trial court's judgment is hereby affirmed.
Vukovich, J., concurs.
Waite, J., concurs.