[Cite as *Greenwich Ins. Co. v. Leonard Ins. Servs., Agency, Inc.*, 2014-Ohio-3102.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


GREENWICH INSURANCE COMPANY

      Appellant

-vs-

LEONARD INSURANCE SERVICES
AGENCY, INC., et al.

      Appellees

JUDGES:
Hon. Sheila G. Farmer, P. J.
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case No. 2013 CA 00233

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Case No. 2013 CV 00501 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | July 14, 2014 |


APPEARANCES:

| For Appellant | For Appellees |
|---|---|
| KEVIN M. MALONEY | MARTIN T. GALVIN |
| LAW OFFICE OF KEVIN M. MALONEY | REMINGER CO., LPA |
| 22 East Gay Street, Suite 400 | 101 West Prospect Avenue, Suite 1400 |
| Columbus, Ohio 43215 | Cleveland, Ohio 44115 |

*Wise, J.*

**{¶1}** Appellant Greenwich Insurance Company appeals the August 9, 2013, decision of the Stark County Common Pleas Court granting summary judgment in favor of Appellees Leonard Insurance Services Agency and Josef Skemp.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** This dispute arises out of a policy of commercial liability insurance issued by Greenwich to MAR Oil. Greenwich is an insurer who issues commercial liability insurance to its insureds through its underwriting agent, DBG & Associates, Inc., who in turn, issues the policies under Greenwich's name through various retail agents and brokers including Leonard. Greenwich first began insuring MAR Oil in 2001, and continued providing insurance to that company through January, 2008.

**{¶3}** In January, 2008, Leonard agreed to replace the previous retail broker who had been handling MAR Oil's insurance with Greenwich. Leonard thereby assumed the role as the insurance agent for MAR Oil and the broker or retail agent for Greenwich on the policy of insurance that Greenwich had issued to MAR Oil. Greenwich then issued a renewal policy to MAR Oil having effective dates of 1/19/08 to 1/19/09, with Leonard listed as the retail agent on that policy as MAR Oil's insurance agent.

**{¶4}** On August 18, 2008, Leonard, through Skemp, instructed Greenwich to cancel the MAR Oil policy for non-payment, and Greenwich followed those instructions and canceled the policy effective on September 2, 2008. Subsequent to that policy cancellation, MAR Oil sustained a significant casualty loss arising from a double fatality caused by an oil well explosion. MAR Oil submitted the claim to Greenwich, but Greenwich denied the claim because the policy had been canceled prior to the loss.

{¶5}    Following the oil well explosion, MAR Oil attempted to submit the premium payment for the policy to Leonard, but Skemp advised MAR Oil that the payment could not be accepted because of the casualty loss that had occurred. MAR Oil's excess insurance carrier, CPIX, then settled the double fatality claim that had been asserted against MAR Oil. CPIX then filed a subrogation claim along with MAR Oil against Greenwich, Leonard and Skemp, attempting to recover the claim payments that had been made in settlement of the casualty loss. (Judgment Entry, Ex L)

{¶6}    MAR Oil and CPIX alleged in their subrogation lawsuit that Leonard and Skemp had failed to properly communicate concerning the premium due for the MAR Oil policy, and that Greenwich's cancellation of the policy was therefore improper and ineffective. It was further alleged that Leonard and Skemp had communicated with MAR Oil following the cancellation of the policy in such a manner as to cause MAR Oil to falsely believe that the policy was still in effect. Alternatively, it was alleged in the CPIX lawsuit that due to Leonard and Skemp's improper handling of MAR Oil's insurance needs, Leonard and Skemp became the insurer for MAR Oil. (Complaint 1[19).

{¶7}    Wayne Toole, the owner of MAR Oil, testified in his discovery deposition about a telephone call and an email exchange he had with Skemp on September 10, 2008, after the Greenwich policy had been canceled. Toole stated that Skemp communicated in such a manner as to lead him to believe the policy was still in effect. (W. Toole Depo, pp. 40-52, attached as Exhibit C to Greenwich's Memorandum Contra).

{¶8}    Skemp testified at length, in both the subrogation case and in this case as to the exchanges he had with Toole on September 10, 2008. Skemp admitted that he sent an email to Wayne Toole on that date that made no mention the Greenwich policy

had been canceled. Skemp further testified that the email was sent in an effort "to be friendly, to be thorough."

{¶9}   In 2009, MAR Oil Company and its excess insurer, CPIX, filed a civil lawsuit against Greenwich, Leonard and Skemp, over the failure by Greenwich to provide coverage for a personal injury claim that had been asserted against MAR Oil. That earlier lawsuit alleged that Greenwich had a duty to provide insurance coverage for the personal injury claim that had been asserted against MAR Oil pursuant to the terms of a policy of insurance that Greenwich had issued but then subsequently canceled prior to the loss. Alternatively, MAR Oil and CPIX argued in that earlier lawsuit that if the Greenwich policy of insurance did not provide coverage, Leonard and Skemp, who had acted as MAR Oil's retail insurance agent on the policy issued by Greenwich, had an independent duty to cover the claim because of Leonard and Skemp's improper handling of MAR Oil's insurance needs.

{¶10} Greenwich and the Appellees eventually negotiated separate settlements of that underlying claim brought by MAR Oil and CPIX. The instant lawsuit then ensued.

{¶11} The present lawsuit is a re-filed action that was initially commenced by Greenwich against Leonard and Skemp in the Stark County Common Pleas Court in 2011, but subsequently dismissed through a joint stipulation of dismissal without prejudice.

{¶12} On February 14, 2013, Greenwich re-filed the present action under Stark County Common Pleas Court Case No. 2013 CV 00503, naming Leonard and Skemp as defendants. Greenwich asserted claims in the re-filed Complaint for recovery of the

MAR Oil settlement payment and defense costs, based upon claims for implied indemnity, contribution and the "tort of another" doctrine.

{¶13} Leonard and Skemp subsequently filed an answer and counterclaim and later asserted a third-party complaint against Greenwich's underwriting agent, DBG and Associates, Inc.

{¶14} On June 10, 2013, Leonard and Skemp filed a joint motion for summary judgment with the trial court, seeking a dismissal of all of Greenwich's claims.

{¶15} In response, on July 1, 2013, Greenwich filed a Memorandum Contra to the motion for summary judgment.

{¶16} On August 9, 2013, the trial court granted Leonard and Skemp's motion for summary judgment in its entirety and dismissed Greenwich's claims through a Judgment Entry that has appended hereto as Exhibit 1.

{¶17} Following the trial court's award of summary judgment in favor of Appellees, the parties entered into a joint agreement to dismiss the remaining third-party claims without prejudice, so as to allow this appeal to proceed.

{¶18} Greenwich now appeals the trial court's summary judgment award, assigning the following errors for review:

**ASSIGNMENTS OF ERROR**

{¶19} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANTS IN FINDING THAT THERE EXISTED NO CONTRACT BETWEEN PLAINTIFF AND DEFENDANTS DESPITE CLEAR EVIDENCE THAT A PRINCIPAL-AGENT RELATIONSHIP EXISTED BETWEEN THESE PARTIES.

**{¶20}** "II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANTS IN RULING THAT PLAINTIFF HAD NO RIGHT TO ASSERT AN IMPLIED INDEMNITY CLAIM.

**{¶21}** "III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANTS IN RULING THAT THE TORT OF ANOTHER DOCTRINE HAS NO APPLICATION TO PLAINTIFF'S CLAIMS.

**{¶22}** "IV. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANTS IN RULING THAT PLAINTIFF HAD NO RIGHT TO COLLECT DAMAGES BECAUSE IT WOULD HAVE PAID MORE OUT IF THE INSURANCE POLICY HAD NOT BEEN CANCELED."

<u>Summary Judgment Standard</u>

**{¶23}** Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36.  Civ.R. 56(C) provides, in pertinent part:

**{¶24}** "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the

party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

**{¶25}** Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107.

**{¶26}** It is based upon this standard that we review Appellant's Assignments of Error.

**I., II.**

**{¶27}** In its First and Second Assignments of Error, Appellant argues that the trial court erred in failing to find that a principal-agent relationship between the parties and that a right to indemnity existed based upon an implied contract between the parties. We disagree.

**{¶28}** Appellant argues that it is entitled to indemnity from Appellees under an implied contract as no express contract existed between the parties.

{¶29} The rule of indemnity provides that "where a person is chargeable with another's wrongful act and pays damages to the injured party as a result thereof, he has a right of indemnity from the person committing the wrongful act, the party paying the damages being only secondarily liable; whereas, the person committing the wrongful act is primarily liable." *Travelers Indem. Co. v. Trowbridge* (1975), 41 Ohio St.2d 11, 14, 70 O.O.2d 6, 321 N.E.2d 787.

{¶30} Generally, implied indemnification is appropriate in certain limited circumstances where a party owes only secondary legal responsibilities. *Mahathiraj v. Columbia Gas of Ohio, Inc.* (1992), 84 Ohio App.3d 554, 564, 617 N.E.2d 737. Implied indemnity refers to the right of a person, who has been compelled to pay what another should have paid, to require complete reimbursement. *Hopkins v. Babcock & Wilcox Co.* (1985), 19 Ohio App.3d 291, 484 N.E.2d 271.

{¶31} An implied contract of indemnity should be recognized in situations involving related tortfeasors, where the one committing the wrong is so related to a secondary party as to make the secondary party liable for the wrongs committed solely by the other. *See Losito v. Kruse* (1940), 136 Ohio St. 183, 185, 16 O.O. 185, 186, 24 N.E.2d 705, 706. Relationships which have been found to meet this standard are the wholesaler/retailer, abutting property owner/municipality, independent contractor/ employer, and master/servant. *Id.* at 185-186, 16 O.O. at 186-187, 24 N.E.2d at 706-707. Indemnification is not allowed when the two parties are joint or concurrent tortfeasors and are both chargeable with actual negligence. *Globe Indemn. Co. v. Schmitt, supra,* 142 Ohio St. at 599, 27 O.O. at 527, 53 N.E.2d at 792.

**{¶32}** When the indemnity at issue is implied, as it is here, one of the codefendants must be at fault in causing the plaintiff's injuries. *O'Neill v. Showa Denko K.K.* (1995), 101 Ohio App.3d 345, 349, 655 N.E.2d 767. Without fault, there is no basis for indemnification. *Id.* This is so because " 'one party must be "chargeable" for the wrongful act of another as a prerequisite for indemnity.' " *Id.*, quoting *Convention Ctr. Inn, Ltd. v. Dow Chem. Co.* (1990), 70 Ohio App.3d 243, 247, 590 N.E.2d 898, 899.

**{¶33}** In the case *sub judice*, no finding of liability was ever made against Appellant. Since there was a settlement, liability was never established. Further, Mar Oil dismissed all claims against all parties. Thus, Appellant could not meet the term for indemnification that it included in its Complaint. Similarly, in *O'Neill*, 101 Ohio App.3d 345, 655 N.E.2d 767, the Eighth District noted that because the appellant's cross-claim for indemnification was contingent upon a finding of liability and the case was settled before litigation, the appellant was barred from recovery by virtue of the cross-claim's language. The cross-claim included the language " 'If [the distributor] is found to be liable to the Plaintiffs' " and " '[the distributor] is entitled to complete indemnification * * * to the extent of any judgment rendered in favor of Plaintiffs against [the manufacturer] including its costs and attorney fees.' " (Emphasis added by court of appeals.) **1051 *Id.* at 350, 655 N.E.2d 767.

**{¶34}** The *O'Neill* reasoning is applicable to the case at bar. Here, Appellant's Complaint reads:

**{¶35}** "If Plaintiff is found to have been negligent in any respect in connection with the MAR Oil Claim of the CPIX Lawsuit, which negligence Plaintiff specifically denies, then such negligence was only passive, imputed, successive, or secondary to

the fault and negligence of Defendants, Leonard and Skemp, and Plaintiff demands indemnification from Defendants, Leonard and Skemp, for all costs and expenses incurred in connection with the MAR Oil Claim, the CPIX Lawsuit, and the instant lawsuit."

**{¶36}** Based on the foregoing, we find the trial court did not err in granting summary judgment in favor of Appellees on Appellant's claim for indemnification.

**{¶37}** Appellant's First and Second Assignments of Error are overruled.

**III.**

**{¶38}** In its Third Assignment of Error, Appellant argues that the trial court erred in finding that the "Tort of Another Doctrine" was not applicable in the instant case. We disagree.

**{¶39}** Upon review, we find that the few cases that refer to this doctrine do so only with regard to the payment of attorney fees in cases where an agent and his agency were required to defend against bad faith claims brought against the insurer.

**{¶40}** In the Mar Oil/CPIX case, Greenwich was defending itself in a breach of contract and bad faith action wherein it was a named defendant in addition to Leonard and Skemp. As such, it would seem that Greenwich's actions in defending the lawsuit were for its own benefit and not for the benefit of Leonard and/or Skemp.

**{¶41}** Furthermore, again because no judicial determination of liability and damages was made in this case, we find that the tort of another doctrine, to the extent that such is recognized in the state of Ohio, is inapplicable in the instant case.

**{¶42}** Appellant's Third Assignment of Error is overruled.

**IV.**

{¶43} In its Fourth and final Assignment of Error, Appellant argues that the trial court erred in determining that Appellant had no right to collect damages because it would have paid more had the insurance policy in this case not been canceled.

{¶44} Based on our disposition of the above assignments of error, we find that we need not reach the issue of damages in this matter.

{¶45} Appellant's Fourth Assignment of Error is overruled.

{¶46} For the foregoing reasons, the decision of the Court of Common Pleas of Stark County, Ohio, is affirmed.

By: Wise, J.

Farmer, P. J., and

Baldwin, J., concur.

JWW/d 0623