Read, J.
The record shows that Talmadge was the proprietor of a line of stages running upon the road of said company, and that, in consequence of the negligence of the company in not keeping their road in proper repair, one of his coaches was upse^ to the great damage of a passenger in said coach. That the passenger, Matthew F. Maury, sued Talmadge for carelessly and negligently upsetting him, and obtained, in the circuit court of the United States, a verdict for $2,300, which amount, together with $130.51, the costs, Talmadge has paid. Talmadge, thereupon, brings this suit to recover back the sum so recovered against him, or, at least, a part of it, upon the ground that the wrongful act of the road company was the cause of the upsetting of his coach, and that the upsetting of the coach occasioned the injury to the passenger for which he was amerced in damages.
*187 The court below admitted the transcript of the recovery of Maury against Talmadge as an item of evidence to show the amount of damages which he should recover from the road company. The court below admitted the transcript as evidence in the case, and charged, that if they found the Zanesville and Maysvillo Road Company had not kept their road in good repair, but had been guilty of negligence, the jury would be authorized to apportion the damages which Maury had sustained *by the
negligence of Talmadge, and should return a verdict for such amount, so found and apportioned, against the road company.
The jury, under this charge, returned a verdict against the road company for §2,300, and for §130.51 costs.
The road company prosecuted a writ of error,-and the judgment below, for the amount of this verdict, was reversed in the Supreme Court. To reverse this latter judgment this writ of error is prosecuted.
The whole question is simply this : whether among wrong-doers, where damages have been recovered against one, an apportionment may be had among the several wrong-doers, and each be compelled to contribute?
A carrier of passengers, for hire, is bound to exercise the highest possible degree of care; and if, by the slightest negligence on his part, an injury is sustained by a passenger, he can recover the amount of damage sustained.
No damage, however, could be recovered against Talmadge unless there had been negligence, or some wrongful act on his part, which occasioned the injury. This negligence was proven in the circuit court, and there was evidence to the same effect on the trial of this case.
Talmadge now says to the road company, if you had not been negligent in not keeping your road in repair my coach would not have been overturned, and no damage would have been recovered against me. The road company may say, with equal truth, to Talmadge, unless your coach had been negligently driven it would not have overturned. Both were more wrong-doers. The passenger selected Talmadge, with whom he had contracted for his safe transportation, and recovered against him. .
Now, there is no principle of law upon which Talmadge can compel the road company to respond, in damages, for his wrong *188 ful act. The injury which Talmadge sustained, directly, by the negligent act of the road company, may be recovered.
*This is the law. And if the court should permit carriers to recover the damages from the owners of bad roads, for injuries consequent upon the negligence of such carriers, there would be very little safety for passengers.
Judgment affirmed.