Travelers Indemnity Co., Appellant, *v.* Trowbridge,
Appellee.

(No. 74-10—Decided January 8, 1975.)

12

Messrs. *Weston, Hurd, Fallon, Sullivan & Paisley, Mr. Frank S. Hurd* and *Mr. John M. Baker*, for appellant.

Messrs. *Baker, Hostetler & Patterson, Mr. Dwight B. Buss* and *Mr. Parker M. Orr*, for appellee.

WHITESIDE, J. Although appellant has raised four propositions of law, the basic issue is whether a tortfeasor responding in damages resulting from the negligent treatment by a physician of the original injury caused by the negligence of the tortfeasor has a right to indemnity from such physician for that portion of the damages due directly to the negligence of the physician.

Neither party herein contests the correctness or ap plicability of the holding in *Tanner* v. *Espey* (1934), 128 Ohio St. 82, that the negligence of a tortfeasor in causing the original injury is the proximate cause of damages flowing from the subsequent negligent or unskilled treatment thereof by a physician and that the original wrongdoer is liable therefor. The rationale behind the holding that the negligence of the original wrongdoer is a proximate cause of the injury resulting from the intervening negligence of the physician is that the intervening cause was set in motion by the negligence of the original wrongdoer by imposing upon the injured party the necessity of employing a physician, resulting in the negligent treatment. *Loeser* v. *Humphrey* (1884), 41 Ohio St. 378. Cf. *Mouse* v. *Central Savings & Trust Co.* (1929), 120 Ohio St. 599, and *Taylor* v. *Webster* (1967), 12 Ohio St. 2d 53.

In this case, appellant seeks indemnification rather than contribution from appellee. Although the two forms of reimbursement are similar, there is a distinct difference. Contribution, when it exists, is the right of a person who has been compelled to pay what another should pay in part to require partial (usually proportionate) reimbursement and arises from principles of equity and natural justice. *Robinson* v. *Boyd* (1899), 60 Ohio St. 57, at page 65. Indemnity, on the other hand, arises from contract, express or implied, and is a right of a person who has been

compelled to pay what another should pay in full to require complete reimbursement. *Maryland Cas. Co. v. Frederick Co.* (1944), 142 Ohio St. 605, at page 607.

Appellee, as well as the trial court and the Court of Appeals, relies upon the principle that ordinarily there is no contribution or indemnity between joint or concurrent tortfeasors. *Talmadge* v. *Zanesville and Maysville Road Co.* (1842), 11 Ohio St. 197; *Pennsylvania Co.* v. *West Penn Railways Co.* (1924), 110 Ohio St. 516; *Royal Indemnity Co.* v. *Becker* (1930), 122 Ohio St. 582; *United States Cas. Co.* v. *Indemnity Ins. Co.* (1935), 129 Ohio St. 391; *Massachusetts Bonding & Ins. Co.* v. *Dingle-Clark Co.* (1943), 142 Ohio St. 346; and *Maryland Cas. Co.* v. *Gough* (1946), 146 Ohio St. 305.

Appellant relies upon an exception to the general rule that, where a person is chargeable with another's wrongful act and pays damages to the injured party as a result thereof, he has a right of indemnity from the person committing the wrongful act, the party paying the damages being only secondarily liable; whereas, the person committing the wrongful act is primarily liable. *Zanesville* v. *Fannan* (1895), 53 Ohio St. 605; *Morris* v. *Woodburn* (1897), 57 Ohio St. 330; *Bello* v. *Cleveland* (1922), 106 Ohio St. 94; *Larson* v. *Cleveland Railway Co.* (1943), 142 Ohio St. 20; *Globe Indemnity Co.* v. *Schmitt* (1944), 142 Ohio St. 595; *Maryland Cas. Co.* v. *Frederick Co.* (1944), 142 Ohio St. 605; and *Albers* v. *Great Central Transport Corp.* (1945), 145 Ohio St. 129. Cf. *Acheson* v. *Miller* (1853), 2 Ohio St. 203.

The circumstances of this case do not fit precisely into either the principle denying contribution between joint or concurrent tortfeasors or that allowing indemnity to one secondarily liable from one primarily liable.

In *Garbe* v. *Halloran* (1948), 150 Ohio St. 476, the first paragraph of the syllabus states that:

"Concurrent negligence consists of the negligence of two or more persons concurring, not necessarily in point of time, but in point of consequence, in producing a single indivisible injury."

The acts of Republic and appellee can be argued, as found by the Court of Appeals and the trial court, to sufficiently meet this definition as to constitute them concurrent tortfeasors. As to the results of the alleged negligence of appellee, combined with the earlier negligence of Republic, a single indivisible injury was produced.

However, there are, in fact, two separate and distinct, but related, injuries involved. The initial injury was the result of Republic's negligence—the injury which appellee, allegedly, negligently treated. The second injury was that produced by the alleged negligent treatment of the original injury.

In the ordinary joint or concurrent tortfeasor situation, a single indivisible injury is produced, and each of the tortfeasors is charged with liability for the results of the negligence of the other, with no right of contribution or indemnity between them. However, in this case, there could be no contention made that there is such a mutuality of responsibility between appellee and Republic. Although a tortfeasor, pursuant to *Tanner, supra,* is liable for the results of negligent treatment by a physician of the injury caused by the tortfeasor, the physician is not responsible for the results of the negligence of the tortfeasor, but only for the results of his own negligence.

The physician and the tortfeasor are not typical concurrent tortfeasors but, rather, are more in the nature of successive tortfeasors. However, the original tortfeasor is responsible for the negligence of the physician because the tortfeasor's negligence created the risk (the injury) and the occasion for the independent negligence of the physician. The negligence of the physician does not constitute a sufficient break in the chain of causation to absolve the original tortfeasor from liability. Cf. *Hurt* v. *Charles J. Rogers Transportation Co.* (1955), 164 Ohio St. 323.

The issue before this court is the subject of an annotation in 8 A. L. R. 3d 639. That annotation indicates that almost all jurisdictions which have considered the issue have concluded that a tortfeasor who caused an initial injury has the right to recover indemnity from a physician who negli-

gently either caused a new injury or aggravated the exist-- ing injury during the course of his treatment. The annotation refers to decisions from only a few states, some of which may well have a different rule than Ohio as to contribution between tortfeasors. Without reviewing those cases in detail, the rationale, that he who actively causes an injury should be responsible to another who is liable for such injury because of his own negligence but who did not actively create such injury, produces a just and equitable result.

Although the instant situation does not clearly fall either into the category of concurrent tortfeasors or into the category of the situations where primary and secondary liability exists, we find that the relationship between an original tortfeasor and a physician who negligently treats the injury caused by the tortfeasor falls closer, and more equitably, into the latter category than the former. We view this issue as one of first impression, not controlled by any of the prior decisions of this court.

We conclude that a tortfeasor, who negligently causes an injury, has a right to indemnity from a physician who negligently causes a new injury or aggravates the existing injury during the course of his treatment of the injury caused by the tortfeasor.

In view of this finding, it is unnecessary to consider the remaining issues raised by appellant, since they are rendered moot by the determination that the trial court erred in granting judgment on the pleadings.

Accordingly, the judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Common Pleas.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, W. BROWN and P. BROWN, JJ., concur.

WHITESIDE, J., of the Tenth Appellate District, sitting for CELEBREZZE, J.