**610**

John H. WALDOCK, et al., Plaintiffs,

v.

PITTSBURGH NATIONAL BANK,
Defendant and Counter-claimant,

v.

ERNST & WHINNEY, Third
Party Defendant.

Nos. C87–381, C87–882.

United States District Court,
N.D. Ohio, E.D.

Oct. 21, 1988.

John A. Coppeler, Flynn Py & Kruse,
Port Clinton, Ohio, for plaintiffs.

Paul M. Pohl, Charles Moellenberg, Jr.,
Jones Day Reavis & Pogue, Cleveland,
Ohio, for third party defendant.

Katherine K. Vanderwist, Mark I. Wallach, Calfee, Halter & Griswold, Cleveland,
Ohio, for defendant and counter-claimant.

ORDER

BATTISTI, Chief Judge.

Before this Court is third-party defendant Ernst & Whinney's motion for a judgment on the pleadings dismissing the third-party complaint brought by third-party plaintiffs, John Waldock, the Waldock Company, and Frank J. Atzberger. Third-party defendant Ernst & Whinney contends that the complaint should be dismissed because the third-party plaintiffs are not entitled to either indemnification or contribution from Ernst & Whinney under Ohio law. This Court agrees.

This multi-party litigation began when John and William Waldock brought suit against Pittsburgh National Bank (PNB) alleging that PNB wrongfully dishonored checks made payable to them. PNB then filed a counterclaim against John Waldock, the Waldock Company, and Frank J. Atzberger alleging that these parties had intentionally defrauded PNB by knowingly supplying false information to PNB in connection with a loan request. John Waldock, The Waldock Company, and Frank J. Atzberger then lodged this third-party complaint against Ernst & Whinney seeking indemnification against any liability to PNB on the counterclaim. Third-party plaintiffs allege that Ernst & Whinney was negligent in the preparation or presentation of the financial data and projections given to PNB in connection with the loan request.

Under Rule 14(a), a defending party, as a third-party plaintiff, may implead "a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Since this third-party complaint arises out of a diversity action, this Court must apply Ohio law to determine whether third-party defendant

Ernst & Whinney is or may be liable to the third-party plaintiffs for all or part of PNB's counterclaim. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). If, as a matter of law on the face of the pleadings, third-party plaintiffs have no right to either contribution or indemnification, then this third-party complaint must be dismissed.

Under Ohio law, contribution is defined as the "right of a person who has been compelled to pay what another should pay in part to require partial (usually proportionate) reimbursement." *Travelers Indemnity Co. v. Trowbridge,* 41 Ohio St.2d 11, 13, 321 N.E.2d 787 (1975). Ohio statutory law explicitly provides "there is no right of contribution in favor of any tortfeasor who has intentionally caused or intentionally contributed to the injury." O.R.C. 2307.31(A). Therefore, since the claims against third-party plaintiffs in this case allege that they made intentionally fraudulent misrepresentations, they would have no right to contribution from Ernst & Whinney.

In contrast to contribution, "indemnity ... arises from contract, express or implied, and is a right of a person who has been compelled to pay what another should pay in full to require complete reimbursement." *Trowbridge,* 41 Ohio St.2d at 14, 321 N.E.2d 787 (1975). It is a well-established principle of law that an intentional tortfeasor has no right to indemnification. W.P. Keeton, D.B. Dobbs, R.E. Keeton, and D.A. Owen, *Prosser and Keeton on Torts,* 343 (5th Ed.1984). Ohio has not rejected this rule. In fact, the Ohio Supreme Court has even held "that as between joint tortfeasors chargeable with concurrent negligence there may be no indemnity or contribution." *The Globe Indemnity Co. v. Schmitt,* 142 Ohio St. 595, 599, 53 N.E.2d 790 (1944). More broadly, the court has stated, "where one of two concurrent or joint tort-feasors, as distinguished from related tort-feasors, has been compelled to pay damages for the concurrent or joint tort, he [or she] cannot maintain an action against the other for indemnity." *Massachusetts Bonding & Ins. Co. v. The Dingle-Clark Co.,* 142 Ohio St. 346, 353, 52 N.E.2d 340 (1943). Although neither of these cases involved an intentional tortfeasor, their logic is even more forceful in this context.

In addition to its support in the case law, the rule against indemnification of an intentional tortfeasor is sound. It seems specious for a party to argue that despite the fact that their intentional tortious conduct caused the injury, a negligent third-party should be held completely responsible for all damages. And yet, this is precisely the argument upon which third-party plaintiffs are basing their claim against Ernst & Whinney.

The conduct of third-party plaintiff's counsel is cause for some concern. Their brief in opposition reveals the frivolous nature of the complaint against Ernst & Whinney. They were unable to cite a single case from *any* jurisdiction in support of their claim for indemnity. When challenged by third-party defendant's motion for judgment on the pleadings, third-party plaintiffs attempted to amend their complaint to request contribution rather than indemnity. The amendment was sought despite the explicit statutory prohibition directly on point which is contained in O.R.C. 2307.31(A). I do not look upon such careless conduct favorably. Third-party defendant's motion for a judgment on the pleadings is hereby granted. This third-party complaint against Ernst & Whinney is dismissed.

Ernst & Whinney's motion has been granted based on the fact that third-party plaintiffs have no right to either contribution or indemnification. Therefore, it is unnecessary to address the validity of any written releases between the parties which may or may not lend further support to this order. Nor is it necessary to determine whether summary judgment would be appropriate in this matter.

IT IS SO ORDERED.