OPINION
{¶ 1} Appellants, Rodney and Deborah Lesjak, own property on Lewis Avenue in New Philadelphia, Ohio. Appellees, Abe and Linda Marner, were leased tenants of the property. On November 9, 2001, Ms. Marner's mother, Helen Morgan, visited the property and fell into a "depression" or hole, sustaining injuries.
 {¶ 2} On October 15, 2002, Ms. Morgan, together with her husband, Clarence Morgan, filed a complaint against appellants for negligent maintenance. On March 19, 2003, appellants filed a third-party complaint against appellees, seeking indemnification. All the third-party participants filed motions for summary judgment. By judgment entry filed January 13, 2004, the trial court granted appellees' motion for summary judgment and dismissed appellants' claim for indemnification.
 {¶ 3} The Morgans settled with appellants and a final judgment was entered on June 14, 2004.
 {¶ 4} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "The trial court erred as a matter of law and to the prejudice of defendants/third-party plaintiffs-appellants by denying their motion for summary judgment and in granting summary judgment in favor of third-party defendants-appellees."
 II {¶ 6} "The trial court erred as a matter of law and to the prjudice of defendants/third-party plaintiffs-appellants in Holding that they failed to produce a sufficient quantum of evidence on the issues postured for summary judgment."
 III {¶ 7} "The trial court erred as a matter of law and to the prejudice of defendants/third-party plaintiffs-appellants in holding that defendants/third-party plaintiffs-appellants have no recoverable claims against third-party defendants-appellees relative to the third-party complaint."
 I, II, III {¶ 8} Appellants claim the trial court erred in granting summary judgment to appellees. Specifically, appellants claim the trial court erred in finding as a matter of law they could not maintain their indemnification action against appellees. We disagree.
 {¶ 9} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 10} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 11} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 12} Appellants' third-party complaint alleged the following at ¶ 9:
 {¶ 13} "Defendants Rodney and Debra Lesjak further state that if they are found to have been negligent in any respect, which negligence they specifically deny, then such negligence was only passive, imputed, successive and/or secondary to the negligence of the Third-Party Defendants, Abe and Linda Marner, and that Defendants Rodney and Debra Lesjak demand indemnification from the Third-Party Defendants, Abe and Linda Marner, for any and all judgments rendered against these Defendants, along with costs of this suit, attorney fees incurred, and such other damages as the Court allows."
 {¶ 14} This complaint is devoid of any mention of an action pursuant to R.C. 2307.32 (joint and several liability/contribution statute). The entire tenor of the complaint including the prayer for relief is pled as indemnification, although the prayer does include the statement "for indemnity and/or contribution."[1]
 {¶ 15} We conclude the sole issue is whether the claim for indemnification can survive the settlement by appellants with the Morgans.
 {¶ 16} It is clear from the facts that the lease between appellants and appellees did not include an express indemnification clause. Therefore, the issue is whether there is an "implied indemnification." The rule of indemnity states the following:
 {¶ 17} "[W]here a person is chargeable with another's wrongful act and pays damages to the injured party as a result thereof, he has a right of indemnity from the person committing the wrongful act, the party paying the damages being only secondarily liable; whereas, the person committing the wrongful act is primarily liable." Travelers Indemn. Co. v.Trowbridge (1975), 41 Ohio St.2d 11, 14.
 {¶ 18} In the case sub dice, were appellants secondarily liable and passively negligent? We answer this question in the negative for the following reasons.
 {¶ 19} The sole relationship between the parties is one of landlord/tenant. Under Ohio law, a landlord is not "the principal of his tenant nor responsible for his torts, active or negligent." Trenka v.Cipriani Investment Co. (October 6, 1983), Cuyahoga App. No. 45987, quoting Ford v. Eisenberger (1939), 29 Ohio L. Abs. 277, paragraph three of the syllabus. A landlord cannot be held responsible for the torts of a tenant. Therefore, a claim for indemnification is not legally tenable under the pleadings and fact scenario of this case. In fact, appellants assert as landlords, if they had notice of the "depression" in the lawn, they would have been required to remedy the situation. Appellants' Brief at 15-16. As such, appellants as landlords had the primary responsibility to the invitees of their tenants.
 {¶ 20} Appellants make the argument that because appellees had the responsibility to mow the lawn, that it somehow shifted the original negligence to appellees. This argument would make appellees primarily liable and not passively or secondarily negligent. However, by settling the case as originally pled by the Morgans, appellants accepted the active negligence claim and therefore are primarily negligent under the theory of indemnification.
 {¶ 21} Upon review, we find the trial court did not err in determining that as a matter of law under the pleadings and facts sub judice, indemnification was not a valid claim.
 {¶ 22} Assignments of Error I, II and III are denied.
 {¶ 23} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.
Farmer, J. Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed.
[1] Appellants argue they are seeking indemnification which is a derivative claim of the Morgans' ability to seek recovery. Appellants' Brief at 6.