[Cite as *Dutro v. Meerdink*, 2012-Ohio-2316.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.    97725

---

# RAYMOND C. DUTRO

PLAINTIFF-APPELLEE

vs.

# DAVID J. MEERDINK

DEFENDANT-APPELLANT

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Berea Municipal Court
Case No. 10 CVG 00934

**BEFORE:**    Boyle, J., Blackmon, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**    May 24, 2012

**ATTORNEYS FOR APPELLANT**

David L. Harvey III
Matthew Abens
Harvey & Abens, LLC
1 Berea Commons
Suite 216
Berea, Ohio    44017

**ATTORNEY FOR APPELLEE**

Robert Edelstein
26851 Miles Road, Suite 204
Cleveland, Ohio    44128

**Also listed**

William Holton
146 Eagle Circle
Elyria, Ohio    44035

MARY J. BOYLE, J.:

**{¶1}** Defendant-appellant, David Meerdink, appeals from a judgment against him and in favor of plaintiff-appellee, Raymond Dutro, in the amount of $15,000 for unpaid rent.

**{¶2}** Meerdink raises two assignments of error for our review:

"[1.] The judgment of $15,000 in plaintiff-appellee's favor and against defendant-appellant is against the manifest weight of the evidence.

"[2.] The trial court's dismissal of defendant-appellant's third-party complaint is against the manifest weight of the evidence."

**{¶3}** Finding merit to his appeal, we reverse and remand.

Procedural History and Factual Background

**{¶4}** In April 2010, Raymond C. Dutro, d.b.a. Range Properties, filed a complaint for unpaid rent against David Meerdink. Meerdink answered, filed counterclaims against Raymond C. Dutro, d.b.a. Range Properties, and filed third-party claims against William Holton, claiming that Holton was co-lessee and Meerdink's partner in a "venture named DMML Enterprise dba Family Auto Express," and thus, was liable on the lease.

**{¶5}** Meerdink and Holton entered into a two-year lease agreement with 1125 North Ridge, LLC ("North Ridge" now known as Raymond C. Dutro d.b.a. Range

Properties) for an "office, service bay, and fenced lot," beginning on September 1, 2007 and ending on August 31, 2009. The lease explicitly identified North Ridge as the "Landlord," and Meerdink and Holton were "collectively referred to * * * as 'Tenant.'" Both Meerdink and Holton signed the lease.

{¶6} Under "Miscellaneous" provisions of the lease, specifically section 23(B), it stated that "[t]he provisions of this Lease constitute the only agreement between Landlord and Tenant with respect to the Premises and related matters and supercede all prior and contemporaneous written and oral agreements * * *." Section 23(D) further stated that "[t]his lease may be periodically amended or modified only by a written agreement which is clearly designated as an amendment or modification to this specific lease and which is signed by Landlord and Tenant."

{¶7} On March 30, 2008, Holton signed an "Amendment to Lease." At the top, the Amendment stated, "The lease dated September 10, 2007 between 1125 North Ridge, LLC, Lessor and William E. Holton, etal [sic] lessee, is amended as follows:

Premises: Garage Bay area at rear of property.

Rent and Deposit: $500.00 per month, no additional security deposit.

Terms of Lease: Beginning April 1, 2008 and ending on August 31, 2009 unless renewed per terms stated in item #3, paragraph (b).

Utilities: Lessee to pay gas and electric, subject to adjustment if and when the storefront, which is now vacated, is leased.

All other terms and conditions of original lease shall remain in full effect.

**{¶8}** The "Amendment to Lease" has two signature lines. Under the first signature line is the following: "1125 North Ridge, LLC by Angela Dutro, sole member." Under the second signature line, it states, "William E. Holton." Angela and Holton signed on the signature lines above their names.

**{¶9}** Angela testified that she is married to Raymond Dutro. Angela and Raymond own Raymond D. Dutro, d.b.a. Range Properties. Angela explained that she "runs the entire business." The business used to be called 1125 North Ridge, LLC. They amended the lease to "show that Range Properties was now the lessor."

**{¶10}** Angela testified that the tenants were using the space as a used car dealership. She said that there came a time when the "tenant needed more space," so "they wanted to rent the bigger bay." She further explained that "they needed a bay for — one for detailing and one for car repair. So we did rent them the — for an extra $500 a month, we rented them the bay." She said that

> they were doing a very good business and they needed an additional bay. They were trying to get the cars ready faster. So instead of keeping one bay where they needed for repair and detailing, they took the bigger bay for repair and used the smaller bay for detailing so they could keep two things going at the same time.

**{¶11}** Angela testified that the tenants stopped paying their rent in December 2009. They informed her in February that they were moving their car lot. Angela stated that from December 2009 to August 31, 2010 (nine months), the tenants owed $18,000 in rent. Angela said that she applied a $3,000 credit to their account from their security deposit and last month's rent, leaving a balance of $15,000. She further explained the efforts

that she and her husband went through to try to rent the space, but they were never able to rent it.

{¶12} Meerdink testified that he signed the lease. But with respect to the lease amendment, Meerdink testified, "They added the addendum. I had nothing to do with signing the addendum." He further stated that he was "not a party to the addendum."

{¶13} On cross-examination, Meerdink explained that Holton was his employee, not his partner. When asked why Holton signed the original lease if he was only an employee, Meerdink stated that he did not open his business until after they obtained the property.

{¶14} The court then asked Meerdink if he continued to conduct the business at the location after March 2008 (which was when Holton signed the amendment for the additional bay). Meerdink replied that he did, until December 2008.

{¶15} The trial court found in favor of Raymond Dutro in the amount of $15,000. It dismissed Meerdink's third-party complaint against Holton because Meerdink did not present any evidence as to the third-party complaint.

## Standard of Review

{¶16} In his first assignment of error, Meerdink contends the trial court's judgment is against the manifest weight of the evidence. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus. When conducting a

manifest-weight review, an appellate court must make all reasonable presumptions in favor of the trial court's findings of fact and judgment. *Forester v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-366, 2011-Ohio-6296, ¶ 24, citing *Karches v. Cincinnati*, 38 Ohio St.3d 12, 19, 526 N.E.2d 1350 (1988). This is so because the trier of fact is best able to observe the witnesses and use those observations in weighing the credibility of the testimony. *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

Amendment to Lease

{¶17} The essential elements of a contract include consent by the parties to its terms, a meeting of the minds of both parties, and certainty and definiteness of the contract terms. *Ford v. Tandy Transp., Inc.*, 86 Ohio App.3d 364, 380, 620 N.E.2d 996 (4th Dist.1993). The Supreme Court of Ohio stated in *Kelly v. Med. Life Ins. Co.*, 31 Ohio St.3d 130, 132, 509 N.E.2d 411 (1987):

> "The purpose of contract construction is to effectuate the intent of the parties. * * * The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement. * * * A court will resort to extrinsic evidence in its effort to give effect to the parties' intentions only where the language is unclear or ambiguous, or where the circumstances surrounding the agreement invest the language of the contract with a special meaning. * * * " (Citations omitted.) *See also Shifrin v. Forest City Ent., Inc.*, 64 Ohio St.3d 635, 638, 597 N.E.2d 499 (1992).

{¶18} "[A]s in other cases of parol contracts, the assent of the parties to the terms of the agreement may be shown by their acts and the attending circumstances, as well as

the words they have employed." *Newark Mach. Co. v. Kenton Ins. Co.*, 50 Ohio St. 549, 35 N.E. 1060 (1893), paragraph one of the syllabus.

{¶19} After reviewing the facts of this case, we find that the trial court erred when it found in favor of Raymond Dutro for the amount due attributed to the additional bay ($500 per month for nine months, for a total of $4,500).

{¶20} Meerdink and Holton both signed the original lease individually. There is no mention of any business or corporation. There is no mention of any titles next to their names, or any indication that they signed the lease on behalf of a business. Thus, both Holton and Meerdink were individually liable for the rent under the original lease.

{¶21} But under the original lease, any amendment to the lease must be signed by the "Tenant." The lease defined the "Tenant" as Meerdink and Holton. But only Holton signed the amendment. Meerdink did not sign it. Thus, under the terms of the original lease, Meerdink is not liable for it.

{¶22} Further, Angela Dutro's testimony did not establish that Meerdink had anything to do with the additional bay. Although she stated that "they needed more space" and "they wanted to rent the additional bay," her vague references to "they" did not establish that Meerdink actually used and benefitted from the additional bay.

{¶23} Accordingly, we conclude that Meerdink was not responsible for $4,500 of the $15,000 judgment. He is only responsible for $10,500 of it (the $3,000 credit that the Dutros applied toward the $18,000 rent due would not apply toward the additional bay

because the amendment to the lease specifically stated that no additional security deposit was due).

{¶24} Meerdink's first assignment of error is sustained.

Third-Party Complaint

{¶25} In his second assignment of error, Meerdink argues that the trial court erred when it dismissed his third-party complaint.   We agree.

{¶26} Generally, an obligation entered into by more than one person is presumed to be joint, and several responsibility will not arise except by words of severance.   17 American Jurisprudence 2d, Contracts, Section 298, at 716 (1964).   Therefore, Meerdink and Holton are liable jointly because no severance language appears in the body of the agreement.   *See W. Ohio Bank & Trust Co. v. J's Restaurant*, 2d Dist. No. 84-CA-22, 1985 WL 7668 (Feb. 27, 1985).

{¶27} A party having joint and several liability who pays a debt "is entitled to receive from any party having the same joint and several liability contribution in accordance with applicable law."   *See Schwetschenau v. Whitfield*, 177 Ohio App.3d 155, 2008-Ohio-3164, 894 N.E.2d 96 (1st Dist.).   The Ohio Supreme Court has defined "contribution" as follows: "Contribution, when it exists, is the right of a person who has been compelled to pay what another should have paid in part to require partial (usually proportionate) reimbursement and arises from principles of equity and natural justice." *Travelers Indemn. Co. v. Trowbridge*, 41 Ohio St.2d 11, 321 N.E.2d 787 (1975),

paragraph two of the syllabus, *overruled on other grounds*, in *Motorists Mut. Ins. Co. v. Huron Rd. Hosp.*, 73 Ohio St.3d 391, 653 N.E.2d 235 (1995).

**{¶28}** After closing arguments, and the court informing the parties that it would "get this out in about a week to ten days," Meerdink stated, "Now on the third party against Bill?" The court replied, "That's over. It's done. You had your chance. You closed." But given the fact that the lease, which was admitted into evidence, established that Meerdink and Holton entered into it individually and signed it, it was error for the trial court to dismiss Meerdink's third-party complaint without allowing him to present evidence.

**{¶29}** Accordingly, we sustain Meerdink's second assignment of error.

**{¶30}** Judgment reversed. Case remanded for the trial court to vacate the $15,000 judgment against Meerdink and enter judgment against him for $10,500. Further, the trial court is instructed to reinstate Meerdink's third-party complaint against Holton.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MARY J. BOYLE, JUDGE

PATRICIA ANN BLACKMON, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR