[Cite as *Weaner & Assos., L.L.C. v. 369 W. First St., L.L.C.*, 2016-Ohio-8077.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| WILLIAM E. WEANER & ASSOCIATES, LLC, et al. | : | |
| | : | |
| Plaintiffs-Appellees | : | Appellate Case No. 26792 |
| | : | |
| v. | : | Trial Court Case Nos. 2009-CV-8715 |
| | : | and 2011-CV-2097 |
| 369 WEST FIRST STREET, LLC, et al. | : | |
| | : | (Civil Appeal from |
| Defendants-Appellants | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of December, 2016.

. . . . . . . . . . .

CRAIG T. MATTHEWS, Atty. Reg. No. 0029215, MARK W. EVANS, Atty. Reg. No. 0084953, 320 Regency Ridge Drive, Dayton, Ohio 45459
　　　Attorneys for Plaintiffs-Appellees

HANS H. SOLTAU, Atty. Reg. No. 0019900, 6776 Loop Road, Centerville, Ohio 45459
　　　Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} 369 West First, LLC appeals the trial court's determination that it is contractually obligated to pay reasonable attorney fees and appeals the trial court's determination of the amount of those fees. Finding no error in either determination, we affirm.

# I. Background

{¶ 2} In August 2008, a water leak at an office building owned by 369 West First, LLC, caused substantial damage to space leased by Dayton Head and Neck Surgeons, Inc. 369 hired William E. Weaner & Associates, d.b.a. Servpro of East Dayton/ Beavercreek, to clean up the water. Servpro gave 369 an oral estimate on the cost of its services, and later the parties executed a written agreement drafted by Servpro ("Authorization to Perform Services and Direction of Payment"). The Servpro agreement contains this language regarding payment of attorney fees: "Should legal action be brought under the terms of this Contract or arise out of the performance of the Services, or should the matter be turned over for collection, Provider shall be entitled, to the fullest extent permitted under the law, to reasonable legal fees and costs of collection, in addition to any other amounts owed by Customer."

{¶ 3} 369 also hired Shooter Construction Co., d.b.a. Possert Construction Co., to make repairs on the property. 369 and Possert executed a written agreement consisting of the form provided by Possert ("Work Authorization Form"). The Possert agreement also contains an agreement to pay attorney fees: "In the event legal proceeding are instituted to recover any past due amounts, Possert is entitled to recover all costs of collection, including reasonable attorney fees."

{¶ 4} 369's insurance company ultimately denied the claims for the work done by Servpro and Possert and told both companies that they should bill 369 directly. Servpro and Possert did so but 369 refused to pay.

{¶ 5} Servpro filed a complaint against 369 and Dayton Head & Neck Surgeons in October 2009, claiming $13,939.04 for the services that it rendered plus reasonable

attorney fees. Possert separately filed a complaint against the same defendants in March 2011, claiming $9,402.25 for its services plus reasonable attorney fees. The same attorney represented Servpro and Possert. The cases were consolidated, and in 2012, a joint trial was held before a magistrate. The magistrate found that 369 is liable to Servpro and Possert for the amounts they claimed plus reasonable attorney fees. 369 filed objections to the magistrate's decision in the trial court. On August 28, 2014, the trial court adopted[1] the magistrate's decision, ordering 369 to pay Servpro and Possert $13,939.04 and $9,402.25, respectively, plus reasonable attorney fees, to be determined later.

**{¶ 6}** A hearing on attorney fees was held in May 2015. On July 8, 2015, the trial court awarded Servpro and Possert attorney fees of $60,143.25. The amount was not separated as between plaintiffs, as the trial court found that the facts of the two cases were "inextricably intertwined."

**{¶ 7}** 369 appealed.

## II. Analysis

**{¶ 8}** 369 assigns three errors to the trial court. The first two challenge the determination that Servpro and Possert are entitled to attorney fees. The third assignment of error challenges the reasonableness of the attorney-fees award.

### A. Entitlement to attorney fees

**{¶ 9}** The first and second assignments of error allege that the trial court erred by determining that Servpro and Possert, respectively, are entitled to attorney fees. 369

---

[1] The trial court's entry indicates that the decision of the magistrate is "affirmed," but consistent with the terminology of Civ. R. 53 we determine the trial court adopted the magistrate's decision.

contends that the bases for the recovery of attorney fees, the contract provisions, are unenforceable.

{¶ 10} A de novo standard of review applies to a determination whether an agreement is enforceable. *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 37 (arbitration agreement). But "[w]hen a trial court makes factual findings * * * supporting its determination that a contract is or is not unconscionable, such as any findings regarding the circumstances surrounding the making of the contract, those factual findings should be reviewed with great deference." (Citations omitted.) *Id.*at ¶ 38.

{¶ 11} 369 argues that the agreements to pay attorney fees are unenforceable because the agreements are in contracts of adhesion, because the agreements are completely one-sided, and because the agreements operate as penalties.

{¶ 12} Under freedom-of-contract principles, "[c]ontractual attorney-fee provisions have been determined to be enforceable in a number of situations." (Citations omitted.) *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, 906 N.E.2d 396, ¶ 15, fn. 2. *See also Taylor* at ¶ 68 ("Ohio law in some circumstances permits contractual provisions requiring the losing party in litigation to pay the prevailing party's attorney fees."). Generally, "[c]ontractual agreements to pay attorney fees have been upheld in commercial settings where the parties are of equal bargaining power." (Citations omitted.) *Berry Network, Inc. v. United Propane Gas, Inc.*, 2d Dist. Montgomery No. 22875, 2009-Ohio-2537, ¶ 70. Here, the trial court implicitly found the parties to be of equal bargaining power. 369 fails to convince us otherwise.

**{¶ 13}** 369 has not supplied us with any transcripts, saying that "the pleadings [and] the findings of the Trial Court in the Judgment Entry incorporating the findings of the Magistrate * * * are sufficient," Reply Brief, 2. Under App.R. 9(B), the appellant has the duty to provide a record sufficient for appellate review. Absent a written transcript, we cannot speculate what the testimony at the trial or attorney fee hearing was, and therefore we have a limited basis from which we can review alleged error by the trial court. In general, we are constrained to presume the regularity of the trial court's proceedings, and, particularly with respect to factual findings, we presume that the evidence before the trial court supported the trial court's judgment. *Smith v. Duran*, 2d Dist. Montgomery No. 20827, 2005-Ohio-4729, ¶ 14. On this record, in this commercial setting, we are not able to conclude that the parties were of unequal bargaining power.

**{¶ 14}** 369 argues that the agreements to pay attorney fees in this case are unenforceable because the agreements are in contracts of adhesion. "[A]greements to pay attorney fees in a 'contract of adhesion * * *' are not enforceable." *Wilborn* at ¶ 9, quoting *Nottingdale Homeowners' Assn., Inc. v. Darby*, 33 Ohio St.3d 32, 37, fn. 7, 514 N.E.2d 702 (1987). A contract of adhesion is "a standardized form contract prepared by one party, and offered to the weaker party, usually a consumer, who has no realistic choice as to the contract terms." *Taylor*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, at ¶ 49.

**{¶ 15}** The trial court determined that the Servpro contract is not a contract of adhesion. The court found that although the contract is a standardized form contract, both Servpro and 369 are sophisticated business entities. Furthermore, said the court, 369 freely chose to hire Servpro, which is not the only local provider of water extraction

services. As to the Possert contract, the trial court did not explicitly determine that it is not a contract of adhesion. But as the court noted, 369 presented the same arguments against the Possert contract. And, as with the Servpro contract, the court determined that the contract is enforceable, finding that "Possert offered to perform services for 369, in exchange for payment, and 369 accepted the proposal, both parties were capable of contracting and both assented to the contract." Decision, Order and Entry, 20 (Aug. 28, 2014).

{¶ 16} We are unable to conclude that either of the contracts are contracts of adhesion on their face, and therefore agree in the context of the record, unassisted by transcript, that neither contract here is one of adhesion.

{¶ 17} 369 also argues that the agreements to pay attorney fees are unenforceable because the agreements are completely one-sided, favoring only Servpro and Possert.

{¶ 18} The attorney-fees agreements here are one-sided to the extent that in the event of legal proceedings, 369 must pay Servpro and Possert attorney fees but neither Servpro or Possert is obligated to pay 369's attorney fees. But this does not necessarily mean that they are unenforceable. "The fact that a contractual provision is one-sided does not render it substantively unconscionable per se." *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, ¶ 36. "[T]he obligations of the parties to a contract need not be exactly the same if the contract is supported by consideration." *Taylor*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, at ¶ 39, citing *Taylor Bldg. Corp. of Am. v. Benfield*, 168 Ohio App.3d 517, 2006-Ohio-4428, 860 N.E.2d 1058, ¶ 40 (12th Dist.) (saying that "this agreement * * * cannot be deemed unconscionable merely because both parties to the contract do not have to pay the other's attorney fees for the

enforcement of their rights under the agreement"). "Consideration requires mutuality of obligation; it is a 'bargained for' legal benefit or detriment. 'Bargained for' means sought by the promisor in exchange for his promise or given by the promisee in exchange for that promise. * * * Obviously, the obligations of each are not required to be identical." (Citations omitted.) *Robbins v. Country Club Retirement Ctr. IV, Inc.*, 7th Dist. Belmont No. 04 BE 43, 2005-Ohio-1338, ¶ 26.

{¶ 19} The trial court here determined that both contracts are generally supported by consideration—services by Servpro and Possert in exchange for payment by 369. 369 does not say that consideration is lacking, and our review of the contracts themselves does not result in a finding they are unconscionable. (Both contracts are in the record, attached to Servpro's and Possert's respective complaints.) Therefore, the one-sidedness of the agreements to pay attorney fees do not render them unenforceable.

{¶ 20} 369 lastly asserts that the agreements to pay attorney fees are unenforceable because they operate as penalties. But 369 does not explain how they operate as penalties.

{¶ 21} The Ohio Supreme Court has held that "contracts for the payment of attorney fees upon the default of a debt obligation are void and unenforceable." *Wilborn*, 121 Ohio St.3d 546, 2009-Ohio-306, 906 N.E.2d 396, at ¶ 10. "In other words, a provision in a mortgage or promissory note that awards attorney fees upon the enforcement of the lender's rights when the borrower defaults, such as a foreclosure action that has proceeded to judgment, is unenforceable." *Id.* at ¶ 14. The rationale for this rule is that such a provision " 'operates as a penalty to the defaulting party and encourages litigation to establish either a breach of the agreement or a default on the obligation.' " *Id.*, quoting

*Worth v. Aetna Cas. & Sur. Co.*, 32 Ohio St.3d 238, 242, 513 N.E.2d 253 (1987).

**{¶ 22}** Neither of the contracts here is a debt obligation, because they did not create debts when they were executed. *See 2-J Supply, Inc. v. Garrett & Parker, L.L.C.*, 4th Dist. Highland No. 13CA29, 2015-Ohio-2757, ¶ 17 (concluding that the rule did not apply "because the credit account agreement did not create a debt at the time of its execution.") On this record, we fail to see how the agreements to pay attorney fees operate as penalties.

**{¶ 23}** 369 fails to show that the attorney-fees agreement in either the Servpro contract or the Possert contract is unenforceable.

**{¶ 24}** The first and second assignments of error are overruled.

### B. Reasonableness of award of attorney fees

**{¶ 25}** The third assignment of error alleges that the amount of attorney fees awarded is an abuse of discretion. 369 contends that the award includes fees that are not recoverable, that the trial court failed to consider the factors in Prof.Cond.R. 1.5, and that the trial court was bound by the contingency-fee agreement that Servpro and Possert had with their attorney.

**{¶ 26}** "We review attorney fee awards for abuse of discretion. 'Abuse of discretion is found when a decision is '* * * arbitrary, fanciful or unreasonable, or only when no reasonable man would take the view adopted by the trial court." ' " (Citation omitted.) *Berry*, 2009-Ohio-2537, at ¶ 71, quoting *Yarber v. Cooper*, 61 Ohio App.3d 609, 612, 573 N.E.2d 713 (6th Dist.1988) quoting *Sgro v. McDonald's Restaurant*, 21 Ohio App.3d 41, 42, 486 N.E.2d 157 (8th Dist.1984).

{¶ 27} "A trial court's determination of reasonable attorney's fees must generally begin with a calculation of the number of hours reasonably expended on the case times an hourly fee. * * * This lodestar figure has been determined to be [t]he most useful starting point for determining the amount of a reasonable fee, because it provides an objective basis on which to make an initial estimate of the value of a lawyer's services. * * *" *Arnett v. Bardonaro*, 2d Dist. Montgomery No. 25371, 2013-Ohio-1065, ¶ 49, quoting *Unick v. Pro-Cision, Inc.*, 7th Dist. Mahoning No. 09 MA 171, 2011-Ohio-1342, ¶ 27.

{¶ 28} Here, according to the trial court, Servpro and Possert presented joint billing statements, since they are represented by the same attorney. The court found that the hourly fee and the number of hours in the billing statements both are reasonable. Both findings are based on the testimony of Mark Evans, an attorney who worked in the same office as the plaintiffs' attorney. The court found that Evans's testimony was credible, despite potential bias. The trial court calculated the "lodestar figure" by multiplying the number of hours expended on the cases by the reasonable hourly fee. The court found that it was reasonable not to separate any of the billings in this case as the issues were inextricably intertwined. Therefore the court awarded the plaintiffs the attorney-fee amount they requested, $60,143.25.

{¶ 29} 369 argues that the bills include fees that are not recoverable. It says that the bills include work on the initial municipal court case filed by Possert against 369, a garnishment case filed by Possert against 369, and the plaintiffs' claims against Dayton Head and Neck. "Where * * * the claims can be separated into a claim for which fees are recoverable and a claim for which no fees are recoverable, the trial court must award fees only for the amount of time spent pursuing the claim for which fees may be awarded."

(Citation omitted.) *Bittner v. Tri-Cty. Toyota, Inc.*, 58 Ohio St.3d 143, 145, 569 N.E.2d 464 (1991). The trial court here did not mention work on other cases or claims. And there is no evidence in the record to support 369's claim that the trial court awarded fees that the plaintiffs are not entitled to recover. Therefore "we are in no position to second-guess the findings by the trial court that all of the attorneys fees for which the award was made" are recoverable. *Poole v. Becker Motor Sales, Inc.*, 2d Dist. Montgomery No. 18407, 2000 WL 1675865, *5 (Nov. 9, 2000).

{¶ 30} 369 also asserts that the trial court did not consider the reasonable-fee factors in Prof.Cond.R. 1.5. Once it has determined the lodestar figure, "the trial court may modify the baseline calculation by considering the factors listed * * * in Prof. Cond. R. 1.5[.] * * * All factors may not be applicable in all cases and the trial court has the discretion to determine which factors to apply, and in what manner that application will affect the initial calculation." *Arnett*, 2013-Ohio-1065, at ¶ 49, quoting *Unick*, 2011-Ohio-1342, at ¶ 30.The trial court here did consider the fee factors: "This Court has considered all of said factors [in Prof.Cond.R. 1.5] and has in particular noted the time and labor attendant to this litigation was lengthy and necessary." Decision, Entry and Order, 3-4 (July 8, 2015). 369 cannot demonstrate otherwise. Therefore we presume the trial court considered all the relevant factors.

{¶ 31} 369 also says that the trial judge lacked familiarity with the case, to which it appears he was assigned early in 2015. There is no evidence that the judge did not adequately familiarize himself with the case before determining attorney fees.

{¶ 32} Finally, 369 argues that the trial court was bound by the contingency-fee agreement that the plaintiffs had with their attorney. 369 says that the hourly rate used by

the court to calculate the lodestar amount does not reflect the rate that the plaintiffs' actually paid.

{¶ 33} A contingency-fee agreement is one of many factors that a court should consider in determining the reasonableness of attorney fees—not the determining factor. *See Borror v. MarineMax of Ohio, Inc.*, 6th Dist. Ottawa No. OT-06-010, 2007-Ohio-562, ¶ 56 (saying that "such an agreement may be used as a factor, among several others, to determine the reasonableness of attorney fees"); Prof.Cond.R. 1.5(a)(8) (listing "whether the fee is fixed or contingent" as one factor to be considered). Indeed, the Ohio Supreme Court has held that to award attorney fees to the prevailing party based on that party's contingent-fee agreement with counsel constitutes an abuse of discretion. *Landis v. Grange Mut. Ins. Co.*, 82 Ohio St.3d 339, 342-343, 695 N.E.2d 1140 (1998). But, the reasoning of the lead opinion in *Landis* was that the defendant insurance company, Grange, should not have to pay for a contingency attorney fee agreement entered between plaintiff and plaintiff's counsel, when the insurance company was not a party to the agreement. It is unfair to hold a third-party adversary to the terms of a contract to which the adversary is not a party. *Stacy v. Nationwide Mut. Ins. Co.*, 125 Ohio App.3d 658, 672, 709 N.E.2d 519 (6th Dist.1998). Here the defendants were a party to the contract allowing for the recovery of attorney fees.

{¶ 34} Furthermore, the trial court acknowledged that the plaintiffs had contingent-fee contracts with their attorney. The court also acknowledged that the contingent-fee calculation would result in a much lower attorney-fees award. Indeed that is a factor the trial court should, and did, consider. Nevertheless, the court did not reduce the lodestar amount. 369 fails to convince us that the contingency-fee agreement that the plaintiffs

have with their attorney required the trial court to reduce the lodestar amount for what is now over six years of litigation. We recognize that allowance of recovery of reasonable attorney fees, as opposed to a contingency, awards recovery of considerably more than the plaintiffs and their attorney agreed to at the inception of the litigation. However, limiting plaintiffs' recovery to that amount encourages the precise behavior that occurred in this case: defendant's obfuscation, denial, delay and distraction that turned this rather simple collection case into a six year ordeal.

{¶ 35} 369 fails to establish that the trial court's determination of attorney fees is unreasonable.

{¶ 36} The third assignment of error is overruled.

## III. Conclusion

{¶ 37} We have overruled the three assignments of error presented. The trial court's August 28, 2014 judgment and its July 8, 2015 judgment are affirmed.

. . . . . . . . . . . . .

WELBAUM, J., concurs.

WILLAMOWSKI, J., concurring in part and dissenting in part:

{¶ 38} I am writing separately because I agree with the majority that the attorney fee provisions in the contracts are not objectionable. They are part of a commercial contract and are thus permitted. However, I disagree with the majority that the amount of the attorney fees recovered is reasonable.

{¶ 39} In this case, the plaintiffs are William E. Weaner & Associates dba Servpro of East Daton/Beavercreek and Shooter Construction Co. These two entities both

entered into contracts with the defendants that provided for the recovery of reasonable attorney fees. The trial court then awarded attorney fees to these parties.

{¶ 40} "Ohio has long adhered to the 'American rule' with respect to recovery of attorney fees: a prevailing party in a civil action may not recover attorney fees as a part of the costs of litigation." *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, 906 N.E.2d 396, ¶ 7. "However, there are exceptions to this rule. Attorney fees may be awarded when a statute or an enforceable contract specifically provides for the losing party to pay **the prevailing party's attorney fees**." *Id.* (emphasis added). The contract basically shifts the duty of the prevailing party to pay his/her attorney what is owed to the other party as it is an agreement to indemnify another for legal fees. *Heffner Investments, Ltd. V. Piper,* 3d Dist. Mercer Nos. 10-07-09 and 10-07-10, 2008-Ohio-2495, ¶ 56. *See also, Worth v. Aetna Cas. & Sur. Co.*, 32 Ohio St.3d 238, 513 N.E.2d 253 (1987) (referring to the contract to pay attorney fees as an indemnity agreement).

> Indemnity arises from contract, either express or implied, and is the right of a person, who has been compelled to pay what another should have paid, to require complete reimbursement. *Travelers Indemnity Co. v. Trowbridge* (1975), 41 Ohio St.2d 11, 70 O.O.2d 6, 321 N.E.2d 787, paragraph two of the syllabus. In general, to indemnify is to make whole and has been defined to mean to save harmless by giving security for the reimbursement of a person in case of anticipated loss, as by execution and delivery of a bond. *See, generally*, 41 American Jurisprudence 2d (1968) 687, Indemnity, Section 1.

*Worth, supra* at 256.

{¶ 41} In this case, the prevailing parties had entered into agreements which included a fee shifting provision, as long as the fees were reasonable. The prevailing parties had also entered into agreements with the attorneys which determined what the attorney fees would be. Pursuant to the original contracts, the losing party was required

to indemnify the prevailing party for the attorney fees. In other words, pay what the prevailing party owed to the prevailing party's attorneys to make the prevailing party whole. There is no conscionable contract that would require the losing party to pay money to the prevailing party's attorneys which was not owed to said attorneys by the prevailing party. To do so would allow a windfall to the successful attorney, which was not contracted for by any party. The sole issue before the trial court should have been whether the attorney fees owed by the prevailing party were reasonable, not whether attorney fees, which were not owed by the prevailing party, would be reasonable. This should have been a simple case: Determine the amount of attorney fees as required by the contract between the attorney and the prevailing party, determine whether that amount is reasonable, and then require the losing party to pay it. Instead, the trial court erred by requiring the losing party to do more than what was expected by the contract, i.e. simply make the prevailing party whole.

{¶ 42} While the attorneys could argue that they put in more work than would be compensated by a contingency fee, that issue is not before the trial court. That is a byproduct of the contract entered into by the attorneys and the prevailing party. The attorneys agreed to take a contingency fee when they took the case. They should not be able to bypass their own contract merely because their client won. Their contract anticipated that they would only get paid if the client won and set forth a method for calculating what that fee was. By ordering more than what was owed by the prevailing party, the trial court ignored the attorney fee contract between the attorneys and the prevailing party, altered the intent of the original contracts, and provided for the prevailing party's attorneys to receive a windfall that was not anticipated by either the original

contracts or the fee agreements between the attorneys and the prevailing parties. Thus, the trial court erred in awarding the amount of the attorney fees and the judgment should be reversed as to that amount and remanded for a proper determination of the issue.

. . . . . . . . . . . . .

(WILLAMOWSKI, J., of the Third Appellate District sitting by assignment)


Copies mailed to:

Craig T. Matthews
Mark W. Evans
Hans H. Soltau
Barry Mancz
Hon. Richard Skelton